## TOLLAND COUNTY, MARCH TERM, A. D. 1791.

### BUEL V. DAVENPORT.

A bond upon a replevin is in lieu of the property attached or distrained.

ERROR to reverse a judgment of the County Court, on a replevin bond.

Case was — Davenport attached one Baxter's horse for a debt. Baxter replevied him, and Buel gave bond upon the replevin. Davenport obtained judgment in the original suit against Baxter and took out execution and committed him to gaol. Baxter took the poor prisoner's oath and went out of gaol. Davenport then brought a *scire facias* upon the replevin bond, against Buel; who plead the aforesaid matters in bar. The County Court adjudged said plea insufficient.

This judgment was affirmed by the Superior Court. The horse was attached and holden in custody of the law, to secure the eventual payment of the debt, and the replevin bond came in place of the horse, and nothing but an actual payment of the judgment or a release from the creditor could discharge said bond.

In the case of Webster v. Price, it was adjudged on a writ of error, at Hartford September Superior Court, A. D. 1773, that the replevin bond came in place of the property distrained

or attached, and that the bondsman had no alternative but to pay the damage, or return the property, where the original taking or distraining was lawful.