Ladd *against* PRENTICE and others.

In an action brought by *A* against *B*, *A* attached as the property of *B*, an undivided proportion of a vessel and cargo, and afterwards recovered final judgment against *B* for his debt and costs. Soon after the attachment, *C*, by a suit in the form of an action of trespass, replevied the property attached, claiming it as his own, and gave bond as required by the statute, conditioned to prosecute such action to effect, and in case he should fail to make his plea good, to return the property attached, and on failure thereof, to pay the debt and costs which *A* should recover in his action against *B*. On the trial of the action of replevin, on the plea of *not guilty*, it appeared, that *A*, at the time of the attachment, was a joint owner with *C* of the property attached, which was known to *C* ; and on this ground judgment was rendered against *C*. *B* had no interest in such property ; but *C* owned the proportion attached as *B's*. *C* did not return the property replevied, or pay the debt and costs, which *A* had recovered against *B*. In an action brought by *A* against *C* on the replevin bond, it was held, that *C* was not liable.

The judgment against *C* in the replevin suit, did not shew a failure to prosecute his action to effect and to make his plea good, within the meaning of the statute or the bond.

To lay a foundation for a recovery, by an attaching creditor, on a replevin bond given by one not a party to the attachment, after a trial in the replevin suit, the right of such attaching creditor to a return must be established, by a judgment to that effect, upon a proper issue, in such replevin suit.

By the statute of 1837 regarding the qualification of jurors, a freehold qualification is dispensed with in talesmen, as well as other jurors.

THIS was an action to recover 2000 dollars, the penalty of a replevin bond.

The plaintiff in his declaration alleged, that on the 12th of *September*, 1835, he prayed out a writ of attachment against *Shubael Gallup*, returnable to the county court in *New-London* county, by virtue of which the officer to whom it was directed, on the 4th of *October*, 1835, attached, as the property of *Gallup*, his undivided right in a vessel called the *Atlas*,

Ladd
*v.*
Prentice.

and her cargo; that the action was duly prosecuted, and at the term of the county court held in *February*, 1836, the plaintiff obtained final judgment therein against *Gallup* for 1628 dollars, 67 cents, debt, and 13 dollars, 56 cents, costs; that execution issued thereon, and all necessary measures were taken for its collection, but without success; that the proportion of the vessel and cargo thus attached, was, at the time of the attachment, the property of *Gallup;* that such vessel and cargo were held in the hands of the attaching officer until the 14th of *October*, 1835, when two of the defendants, *Prentice* and *Roath*, by a writ of replevin returnable to the same court, instituted their suit against the plaintiff for taking said vessel and cargo on said attachment, claiming them as their property, and caused them to be taken from the attaching officer and delivered to them, *Prentice* and *Roath;* and that, at the time of suing out said writ of replevin, the defendants in this suit gave a recognizance, in the penal sum of 2000 dollars, in favour of the plaintiff, conditioned to prosecute such writ of replevin to effect, and if they should fail to make their plea good, to return the property to the attaching officer, so that it might be taken in execution upon the judgment which should be rendered against said *Gallup*, and on failure thereof, to pay the debt, damages and costs, which might be thereby recovered. The plaintiff then averred, that said *Prentice* and *Roath* did not prosecute their writ of replevin to effect, and have never returned the property replevied, nor paid the debt, damages and costs, for which said judgment was rendered against said *Gallup;* although special demand on an execution issued on said judgment had been made of them therefor, by a proper officer.

To this declaration the defendants pleaded specially, admitting the recognizance, but averring, that the proportion of the *Atlas* and her cargo so attached, was, at the time of the attachment, the property of said *Prentice* and *Roath*, and not of said *Gallup*, and that they proved this on the final trial of said action of replevin, which was had before the superior court in *New-London* county, *March* term, 1837; that said *Ladd* proved, on the same trial, that he was also an owner of an undivided proportion of said vessel and cargo; and that the jury, on this ground only, under the charge of the judge, found a verdict against said *Prentice* and *Roath*, and in

**favour** of said *Ladd*. But the defendants denied, that at the
time of said replevin, they had any knowledge of said *Ladd's*
joint ownership. These were the only allegations in the plea,
which it is now material to notice.

*New-London,*
July, 1840.

Ladd
*v.*
Prentice.

The plaintiff, in his replication, admitted his ownership, as
stated in the plea, but insisted that the defendants, *Prentice*
and *Roath*, had knowledge of it, at the time of the attach-
ment and replevin ; but he denied, that they were owners of
any part of the property, and insisted, that the whole which
was replevied, was the property of *Gallup*, and was liable,
as his, to be taken and sold on said execution. These were
the material facts in issue.

The cause was tried at *Norwich, March* term, 1840, before
*Huntington*, J.

The following facts, (among others not material for the
present purpose,) were either admitted by the parties, on the
trial, or found by the jury, upon specific interrogatories pro-
pounded by the court : that on the trial of the replevin suit,
it was proved, that the present defendants, *Prentice* and
*Roath*, were owners of the proportion of the ship and cargo,
which were attached as the property of *Gallup ;* that *Gallup*
had no interest therein ; that *Ladd* was a joint owner with
*Prentice* and *Roath*, which was well known to them, at the
time of the replevin ; and that the replevin suit was in the
form of an action of trespass, and was decided against the
plaintiffs in that action, solely on the ground that it could not
be maintained against a co-tenant.

After verdict, the plaintiff moved in arrest of judgment, on
the ground that *Enoch C. Chapman*, one of the jury, who had
been called on, as a talisman, was not a freeholder. The
court found, that *Chapman* had been called on as a talisman,
and acted as one of the jury in the trial of the cause, and in
rendering the verdict ; that at this time, he was not a free-
holder ; that this fact was then unknown to the plaintiff ; but
that after he had been called on, by the sheriff, and before he
was sworn, the counsel for the plaintiff, in open court, were
inquired of, by the judge, whether they had any objection to
him as a juror ; to which they replied, that they had not.

The case, embracing the facts in issue, agreed to, by the
parties, and found by the jury, and also the facts found by the

*New-London,*
July, 1840.
_____
Ladd
*v.*
Prentice.

court on the motion in arrest, was reserved for the considera-
tion and advice of this court.

*Strong* and *Child*, for the plaintiff, contended, 1. That
upon the facts agreed to and found, the plaintiff was entitled
to judgment for the amount of his debt.

In the first place, this was a valid bond, binding upon the
defendants. It was executed understandingly, and with
knowledge of all the facts; it was on a lawful consideration;
and the object in view was a lawful one. The plaintiff had
attached the property in question, by a valid writ of attach-
ment; and the defendants voluntarily replevied it, giving this
bond as the statute required.

Secondly, the defendants have not fulfilled the condition of
the bond. They have not prosecuted their writ of replevin
to effect; nor have they delivered the property to be sold on
the plaintiff's execution; nor have they paid the debt.

Thirdly, the defendants are without any legal excuse for not
having fulfilled the condition of their bond. The fact that
this property had been, previous to the attachment, sold by
the plaintiff to *Prentice* and *Roath,* is not such an excuse. It
is in effect setting up a want of consideration; which cannot
avail against a bond under hand and seal; much less against
a judicial bond. Besides, a bond, good and valid at the time
it was entered into, cannot be defeated, except by perform-
ance of the condition, or by other defence thereafter arising.
But this matter of defence existed before the recognizance
was entered into. Suppose a bond of recognizance for the
appearance of a person charged with a crime, and he makes
default of appearance; can his innocence of the crime charged
be pleaded in bar of a recovery on the bond?

Fourthly, if the defendants are liable, the contract itself
gives the rule of damages, *viz.* the payment of the plaintiff's
debt, with interest and costs.

2. That if this claim of the plaintiff to a judgment in his
favour, upon the case as it stands, should not prevail, he was
entitled to have the verdict set aside. The juror who was
not a freeholder, was not qualified to act. Talesmen, as well
as other jurors, must be freeholders. *Stat.* 45, 46. *tit.* 2. *s.*
36. 42. The act of 1836 merely repeals so much of the 36th

sect. of the statute regulating civil actions " as requires them [jurors] to be possessed of a freehold estate set in the list *at nine dollars* or more ;" and the act of 1837, dispensing with freehold estate as a qualification, is applicable only to jurors "selected and chosen," *i. e.* standing jurors, and not to talesmen.

*Isham* and *Foster*, for the defendants, contended, 1. That the verdict ought to stand. First, because any exception that there might be to the juror, was expressly waived, by the plaintiff. Secondly, because a freehold qualification is not required by law ; and it makes no difference in this respect, whether the juror be drawn from the box, or called on as a talisman. It was undoubtedly the intention of the legislature, by the act of 1836, to abolish altogether the freehold qualification. They certainly abolished it, in the way in which they would not have abolished it, had they intended a partial abolition only. But, at any rate, the act of 1837 cuts up the freehold qualification, root and branch. The only qualification for jurors required by this act, in whatever mode appointed, is, that they be "able and judicious electors of the respective towns of this state ;" and it is expressly declared, that "freehold estate shall not be requisite as a qualification of such jurors."

2. That the verdict being established, judgment must be rendered thereon for the defendants. How has the plaintiff been damnified ? The record shews, that the property, when attached, was not *Gallup's*, but belonged to the defendants ; and that it continued to be theirs, and was theirs up to the time, and after the time, when it was replevied. Neither the attachment of it, by the plaintiff, nor the replevying of it, by the defendants, did or could change, or in the slightest degree affect, the title. *That* remained in *statu quo.* If the defendants had put their property into the plaintiff's hands, there was no lawful purpose for which he could hold it. The obligation of the bond in this case was not greater than that of an officer's receipt for property attached. Where the goods of a third person have been wrongfully attached, in an action against the receipter for the non-delivery, he may defend successfully, by proving a delivery to the true owner. *Learned* v. *Bryant* & al. 13 *Mass. Rep.* 224. Now, in this case, the

New-London,
July, 1840.
———
Ladd
v.
Prentice.

plaintiff has never obtained any execution against *Gallup*, on which he had a right to sell this property, and of course, none on which he had a right to have it forthcoming. *Arnold* v. *Allen*, 8 *Mass. Rep.* 147. 150.

Further, judgment in this case cannot be rendered for the plaintiff, but must be for the defendants, because the plea in bar is a perfect answer to the whole of the declaration ; and all the material facts set forth in it, are either agreed to by the parties, or found true by the jury. It being found that the title to the property, during the whole time in controversy, was in the defendants, laying all the other facts out of the case, the judgment must be in their favour, by reason of an entire absence of all interest of the plaintiff in the subject matter of the suit. *Stevens* & al. v. *Curtiss*, 3 *Conn. Rep.* 260.

3. That if there had been a technical breach of the bond, the damages must be merely nominal, as no real damage had been sustained. *Edwards* v. *White*, 12 *Conn. Rep.* 36.

SHERMAN, J. The first question submitted for the advice of this court, is, whether, upon the facts agreed and found in this case, the plaintiff is entitled to judgment.

By the common law of this state, there is no legal process by which a person whose property is taken from him can regain his possession. Replevin is given by statute. By an act passed in 1672, borrowed from the code of *Massachusetts*, a replevin is allowed " for cattle or other goods and chattels impounded, distrained, attached, seized or extended." But no person, other than the defendant in the suit, was within the provisions of this law, in regard to property attached. The first provision for a person not a party, whose property should be attached, was made in 1821, and is found in the 8th section of the statute, entitled "an act authorizing writs of replevin." That section prescribes, that when any goods or chattels shall be attached, and any person other than the defendant shall claim to be the owner of them, he shall have power to replevy the same, on giving bond, conditioned "to prosecute his action of replevin to effect, and in case he fail to make his plea good, to return and redeliver the goods" &c. "to the officer attaching the same, so that they may be forthcoming to be taken by an execution" &c. "and on failure

thereof, to pay the debt or damage that may be recovered in such suit." It is insisted, by the plaintiff, that this was a valid bond, when taken; that it was given on the occasion, and in the form, prescribed by law; that the joint ownership of the plaintiff, and every other fact, was well known to the obligors; that they cannot plead ignorance of the law applicable to these facts; that the condition of the bond is broken, inasmuch as they have not prosecuted the action to effect, nor returned the property, or paid the damages and costs in the suit in which it was attached; and that the only rule of damages is the debt and costs for which judgment was recovered against *Gallup,* amounting to 1642 dollars, 23 cents.

It is now found, and admitted by the plaintiff, that the property attached was the property of *Prentice* and *Roath,* the plaintiffs in the action of replevin; that it was not liable to be attached as the property of *Gallup;* and that if *Prentice* and *Roath* had never interfered, it could not have been applied to the payment of the execution. It was successfully contended, by the present plaintiff, when defendant in the action of replevin, that as he and the plaintiffs were joint owners, he had a perfect right, independently of his attachment, to take possession of this property, and consequently, could not be found guilty, on the general issue, in an action of replevin, in the form of an action of trespass. From these facts and this doctrine it would seem very clearly to follow, that a recovery by the plaintiff in this action would violate the principles of law and justice. The defendants, *Prentice* and *Roath,* have deprived him of no fund which he could appropriate to the payment of his claim on *Gallup,* nor, on his own principles, in any way invaded his rights, by taking possession of their common property, by force of legal process. If, under these circumstances, without having violated any right of the plaintiff, or done him any wrong, the defendants are liable to pay the sum for which he has recovered judgment against *Gallup,* there must have been some remarkable want of foresight in the authors of the statute. A little attention to its provisions, however, will vindicate them from any such imputation.

If the goods ought to be returned to the attaching officer, the court is to render judgment to that effect upon the facts found by the jury in the action of replevin. The defendant, after a trial in that suit, can never recover on the bond, unless

*New-London,*
*July, 1840.*

Ladd
*v.*
Prentice,

his right is then established.   The statute provides, that "the plaintiff in such replevin suit may cite the party who attached the goods and chattels ordered to be replevied, to appear before a proper court, to answer to a charge for unlawfully taking the same ; and if such plaintiff shall make out a title to such goods and chattels, he shall have judgment to retain the same, with his damages and costs ; but if he shall fail to make out a title, *judgment shall be rendered against him to return such goods and chattels to the officer who attached the same ;* and that, on failure thereof, he shall pay the value of such goods and chattels, or the debt or damages and costs recovered in the action on which they were attached," &c.

Does the plaintiff, in the present case, shew any such judgment, or any verdict upon which a judgment "to return such goods and chattels" could have been legally rendered ?   If that court could not, on the issue taken and facts found, decree a return of the property, can this court do it ?   The statute is express, that in the action of replevin, if the plaintiff fails to make out a title, judgment *shall* be rendered against him to return such goods and chattels to the officer.   If the defendant in replevin intends to avail himself of his attachment, he must put in a plea which will lay a foundation for a decision that the property shall be returned.   But if his plea precludes the possibility of such a decision, he foregoes, forever, the opportunity of enforcing his attachment against the property, or making any claim upon the bond.   If, for instance, he pleads *non cepit,* and it is found for him, he cannot have a return of the property ; for the verdict shews, that he never attached it.   He may have judgment for his costs, but cannot recover them on the replevin bond, as they are not secured by its conditions.   If he succeeds in shewing that he never took the property by his attachment, and on that issue obtains a verdict and judgment in his favour, does not this constitute the pretended breach of the bond, which the defendant now avers, and on which alone he relies, namely, that the plaintiffs have not prosecuted their suit to effect ? But this, instead of giving him a right to call for a return of the property, ratifies his renunciation of it.   It may hence be inferred, that the mere fact of a judgment against the plaintiff in replevin, does not, of course, constitute a breach of the conditions of his bond.   The primary condition of the bond,

and which is the basis of all his liability, is, that " in case he fail to make his plea good, he shall return and redeliver the goods and chattels attached, to the officer." Whatever ab- solves him from this liability, discharges him from every obligation arising from the bond. Such must be the effect of a judgment against him on the plea of *non cepit*. Instead of proving a breach of the bond, it would furnish an effectual defence against all claim which might afterwards be made upon it, by the defendant.

In this action of replevin, the defendant made no avowry. Had he tendered an issue, which would have enabled the jury to present, on their verdict, the facts which are now conceded, that the property attached did not belong to *Gallup*, but was the joint property of the plaintiffs and defendant in that suit, the principles adopted by the court, in their charge to the jury, would have barred any claim for the redelivery of the goods to the officer, and, consequently, for a breach of the bond. It was there adjudged, that a joint owner might retain the property, notwithstanding his having taken it by legal process. Such was the title of the present defendants.

But the defendant in the action of replevin pleaded, that he was *not guilty*. The jury found the issue in his favour. The court, on inspection of the record, perceives that this is the only fact found. It cannot be judicially known on what evidence it was found. Whether the verdict was so rendered because the property belonged to *Gallup*, or because it was owned by the plaintiffs and defendant jointly, or because the defendant never attached it at all, cannot be known to the court. How, then, on such a verdict, can the judge award a return of the property ? And how can this court, on the inspection of that issue, advise that the bond has been violated?

But it is contended, that the plaintiffs in replevin violated the conditions of their bond, because they did not " prosecute their action of replevin to effect, and failed to make their plea good." But what is meant, in a case like this, by prosecuting to effect, or making the plea good ? The grand object of the replevin, is, to restore the property to the plaintiff, and enable him to retain it. In the case in question, this end is accomplished. No judgment has been, or, as the record stands, could have been, rendered by the superior court, upon the verdict against the plaintiffs in the action of replevin, that they

should return the property. The condition of the bond expressly prescribes, that if the plaintiff fails to prosecute to effect and make his plea good, he is "to return and redeliver the goods and chattels attached." In all cases, then, where a final trial has been had, and no obligation to redeliver the goods is incurred, the plaintiff prosecutes to effect, and makes his plea good, within the intent of the statute, although the verdict and judgment are for the defendant. Such is obviously the law in the case supposed, of a verdict for the defendant on the plea of *non cepit.* Notwithstanding the verdict and judgment, the plaintiff is entitled to retain the goods. As to the great object, the retention of the property, he prosecutes to effect. Then the failure to obtain a verdict in this cause, on the issue of "*not guilty,*" by the plaintiffs, is not a failure "to prosecute to effect" or "make their plea good ;" because no judgment for the return of the property was, or could be, rendered against them. Had such a judgment been rendered, it would have been forever conclusive. The writ *de retorno habendo* might have issued for the redelivery of the property to the attaching officer ; and, if that were unsuccessful, and duly returned, remedy on the bond might be had, by a *scire-facias* on the same judgment. But unless such a judgment is rendered in the action of replevin, where a final trial is had, there can be no proceeding whatsoever, upon the bond, by any future action.

The plaintiff has moved in arrest of judgment, on the ground that a juror, returned and empannelled as a talisman, was not a freeholder. We are of opinion, that the act of 1837, dispenses with the freehold qualification of jurors in all cases where it was previously required. That of 1836 repeals the provision on this subject, in the 36th section of the "act for the regulation of civil actions," and that of 1837 extends to every other.

For these reasons, we advise the superior court to overrule the motion in arrest, and render judgment for the defendants.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Motion in arrest overruled.
Judgment for defendants.