## HOLLINSBEE v. RITCHEY.

PRINCIPAL AND SURETY.—*Payment by Surety.*—When a surety pays a debt, he must be legally bound for it to enable him to recover the amount paid of the principal, and the principal must also, at the same time, be under a legal obligation to pay the debt.

SAME.—*Surety on Replevin Bond.— Voluntary Payment by Surety.*—In an action of replevin, where a bond is filed and possession of the property obtained, and afterward the suit is dismissed by agreement of the parties, the plaintiff agreeing to pay the defendant a certain sum, but where no

judgment is rendered, if the surety on the replevin bond afterward, without the request of the plaintiff, pays the amount agreed to be paid to the defendant, he can not recover the same of his principal, the payment being voluntary on the part of the surety.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.

*S. P. Oyler* and *D. Howe*, for appellee.

Downey, J.—The appellant sued the appellee for money paid for the use and benefit of the defendant.

The defendant answered:

1. A general denial.

2. That before the commencement of the action he and said plaintiff were partners in the business of buying, selling, and trading horses, mules, and other stock; that upon final settlement of their accounts, as such partners, there would be found to be, and now is, due to defendant from plaintiff a balance of five hundred dollars, which said sum defendant offers to set off against the amount due plaintiff, and prays judgment for the residue.

Reply in denial of the second paragraph of the answer.

Trial by the court, and special finding and conclusions of law, as follows:

" That on the 20th day of February, 1865, the defendant commenced a suit in replevin in the Decatur Court of Common Pleas against Samuel Sheek, to recover a horse; that he executed a replevin bond with the plaintiff as his surety therein, and the horse was delivered to him and by him taken away; that on the 17th day of January, 1866, the said Ritchey dismissed his said suit of replevin, at his costs, and on Ritchey's agreement to pay Sheek the amount he had paid for the horse, which was one hundred and ninety dollars; that on the 19th day of January, 1866, the plaintiff, Hollinsbee, as such surety in said bond, paid to Sheek the value of said horse and to the clerk of the court the costs of said action, amounting in all to the sum of two hundred and sixteen dollars; that it is not shown, by a preponderance of the evi-

dence, that any express request was made by Ritchey to Hollinsbee to pay .said amount or any part thereof; that this action was brought by the plaintiff to recover the amount from said Ritchey so paid; that in the matters of set-off pleaded, there was nothing owing from the plaintiff to the defendant.

" And upon these facts the court finds and states the following conclusions of .law :

" That a surety on a replevin bond may not pay off the same without an express request of the principal; and if he does so pay it without such request, he can not recover the amount paid, or any part thereof, from said principal." The special finding was made at the request of the plaintiff, and is signed by the judge.

The errors assigned, of which, in form, there are three, present the question as to the correctness of the conclusions of law stated by the court.

Counsel for the appellant urge that when the relation of principal and surety exists between the parties, a previous request to the surety to pay is not necessary to authorize him to discharge the obligation and to give him a right of action for the amount paid; that it is not necessary for the surety to wait until a suit has been brought against him, or till a judgment has been obtained, but that he may pay at once when the obligation has matured.

Counsel for appellee concede the correctness of these propositions, but insist that they do not meet the case to be decided. They insist:

1. That when the surety pays the debt he must be legally bound for it; for if he was never legally bound, or if having once been legally bound, he had been discharged of his obligation, the payment would be voluntary, and he could not recover the money so paid any more than one not a surety could recover money voluntarily paid by him in the discharge of the debt of another person.

2. That it must also appear that, at the time of the payment, the principal himself was under a legal obligation to pay; for

if the principal was not legally liable, or if he then had an election to make the payments or to do something else, the surety could not, by a mere voluntary payment, vary the rights of the principal or impose upon him any greater or different obligation than that which he was under at the time the payment was made.

We think these propositions are correct and well stated.

It is next contended by counsel for the appellee, that when the parties to the replevin suit agreed to its dismissal, and that the plaintiff therein should pay to the defendant the amount he had paid for the horse, which was one hundred and ninety dollars, this was a new contract or such a material and important change in the first contract, that the surety was thereby discharged.

The undertaking in the action of replevin requires of the plaintiff in the action three things:

1. That he will prosecute his action with effect and without delay.

2. That he will return the property to the defendant, if return be adjudged by the court; and,

3. That he will pay to the defendant all such sums of money as may be recovered against him by the defendant in the action for any cause whatever. 2 G. & H. 129, sec. 132.

In any of these events, in the action of replevin, the surety on the undertaking or bond is responsible; but if the parties to the action make a new and further arrangement, different from any of them, and the case is disposed of according to such new arrangement, the surety can not be held bound by the undertaking. He has a right, like any other surety, to stand upon the contract which he has made, and the parties to the action can not, without his consent, make any material alteration in the contract, without releasing him. In this case, the action did not terminate in a judgment, for the performance of which the surety was responsible by virtue of the undertaking. The parties agreed that the action of replevin should be dismissed, at the costs of the plaintiff, and that Ritchey, the plaintiff, should pay the defendant in the replevin

suit, Sheek, the amount he had paid to some one else, but to whom is not shown, for the horse, which amount was one hundred and ninety dollars. It seems to us clear that Hollinsbee, the appellant, was under no legal obligation to pay this amount. There does not appear to have been any judgment in the replevin suit for the amount agreed upon, or for the costs. For anything that appears, the action was dismissed, and Sheek relied alone upon the promise of Ritchey for the payment of the amount agreed upon. The defendant in the action of replevin could not have recovered on the bond on the first ground of liability, that is, the failure of the plaintiff to prosecute his action with effect and without delay, for the reason that the action was terminated by the agreement of the parties, and not by any failure of the plaintiff in its prosecution. He could not recover on the second ground, that is, for failure to return the property, for the reason that no return was adjudged, and the agreement of the parties evidently contemplated that the plaintiff should retain the property. And he could not recover on the third ground, that is, on the ground of any sum of money recovered in the action of replevin by the defendant therein, for there does not appear to have been any recovery in the action for any amount. It seems to us, therefore, that the payment made by the appellant must be regarded as a voluntary payment, and that the decision of the circuit court was substantially correct.

The judgment is affirmed, with costs.