No. 10,114.

THOMAS v. IRWIN ET AL.

REPLEVIN BOND.—*Parties.*—*Joinder of Plaintiffs.*—Holders of separate judgments, whose executions have been levied on personal property which has been taken from the sheriff by replevin, may unite as plaintiffs in a suit for breach of the replevin bond, and the assignee of one of the judgments, the assignment of which is technically defective, is a real party in interest as plaintiff.

SAME.—*Breach.*—*Damages.*—*Judgment.*—Where in replevin there is a trial and verdict for the defendant and that the property be returned, but no judgment of return, the sureties in the bond are not liable for failure to return the property.

From the Bartholomew Circuit Court.

*F. T. Hord*, *W. B. Hord*, *R. Hill* and *J. W. Nichol*, for appellant.

*S. Stansifer*, *W. D. Stansifer*, *N. S. Carr*, *G. W. Cooper* and *J. W. Morgan*, for appellees.

ELLIOTT, J.—The case made by the complaint of appellees, shortly stated, is this: Irwin and Smith recovered judgments against William McEwen, executions were issued and levied upon a field of growing corn and other personal property. Mary McEwen instituted an action of replevin and gave the bond upon which this action is founded; such proceedings were had in the action of replevin as resulted in a verdict and judgment for the defendants therein for the corn, but no provision was made adjudging a return of the prop-

Thomas *v.* Irwin *et al.*

erty, although the verdict found that the defendants were entitled to a return. Prior to the issuing of the executions Duffy had become the owner, by assignment, of one of the judgments on which the executions were issued.

The general rule undoubtedly is, that a complaint by two or more persons must show a right of action in all, or it will be bad on demurrer. *Nave* v. *Hadley,* 74 Ind. 155.

The complaint before us does show a right of action in all the appellees. It may be true, that the complaint does not show a regular and full assignment by Smith of his judgment, but it shows such an assignment as vests an equitable title and beneficial interest. It has been decided that an assignment, although not made as the statute directs, will vest an equitable title in the assignee, and, this being true, it follows that the assignee is the real party in interest. *Lapping* v. *Duffy,* 47 Ind. 51; *Shirts* v. *Irons,* 54 Ind. 13; *Kelley* v. *Love,* 35 Ind. 106. But the case before us goes a step farther, for the execution from which the property was replevied was issued in the name of Duffy, and we do not think that the sureties on the replevin bond are in a position to assert that he was not the party in whose favor it should have issued. The equitable owner of the judgment and the legal party to the execution ought not to be denied his rights at the demand of one who has signed a replevin bond to enable a stranger to the judgment to wrest the property from the possession of the sheriff.

The property upon which the executions were levied supplied a fund for the satisfaction of the two writs, and the execution plaintiffs had a joint and common interest in its preservation. The bond executed to the sheriff was for their mutual benefit, and they had a right to unite in an action upon it. *Moore* v. *Jackson,* 35 Ind. 360; *Walls* v. *Johnson,* 16 Ind. 374; *Toles* v. *Adee,* 84 N. Y. 222.

Where a complaint shows a right to some relief, it will repel a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5. Whatever may be the law as to the right of appellees to recover the value

of the property replevied, it is quite plain that there is a right to recover other damages. We are satisfied that the complaint is good.

The difficult question is as to the right of the appellees to recover the value of the property seized under the writ of replevin. This difficulty arises out of the fact that the judgment in the replevin action did not provide for a return of the property.

Judgments and not verdicts rule causes. The verdict in the replevin action exerts no controlling influence in this collateral proceeding, for in it the rights of the parties are to be measured by the judgment, and we can not overleap it and act upon the verdict. Nor can we here enquire whether the judgment was right or wrong.

The bond sued on conforms to the statute in force when it was executed, and reads as follows: "We, Mary Ann McEwen and Richard Thomas, undertake that the plaintiff shall prosecute this action with effect and without delay, and return the property in controversy to the defendant, if a return be adjudged by the court, and pay to him all such sums of money as he may recover against the plaintiff in this action for any cause whatever."

It is a general rule that sureties are not to be held beyond the terms of their contract, and a statutory undertaking must be construed so as to give effect to the terms employed. Baylies Sureties, 128. The liability of the surety on the bond in suit is, by the terms employed, limited to three things, the due prosecution of the action, the return of the property if a return be adjudged, and the payment of such sums of money as may be recovered against the plaintiff. These are independent things. If a complaint should charge a failure to prosecute, and a recovery of damages, it would certainly not be a sufficient answer to aver that the property had been returned; and, on the other hand, if a return had been adjudged in such a case, it would not be sufficient to answer payment of costs and damages. The question is, however, so well settled by

authority, that we deem it unnecessary to enter upon a discussion of this point, and content ourselves with quoting from a recent treatise the following statement of the rule: "These conditions have always been treated as independent, and if either was not complied with the bond was forfeited," 2 Suth. Dam. 42; and from one of our own cases the following: "Each part of the condition is independent of the other, and the condition is broken and the bond forfeited by a failure in either." *Brown* v. *Parker*, 5 Blackf. 291.

A surety can not be held for a thing he did not undertake to perform, and in this case the surety did not undertake to be responsible for the return of the property unless a return should be adjudged by the court. This is, as we have shown, an independent condition, and no liability can be fastened on the surety unless it is made to appear that the act alleged to constitute the breach is within the terms of the condition. We are unable to perceive how a failure to return the property can constitute a breach in a case where there has been no judgment for a return. The undertaking is not a general one for the return of the property, but is an undertaking for the return in case it shall be so adjudged, and the contract of the surety is, therefore, restricted and limited by the terms of the instrument. The liability of the surety depends upon the judgment, for unless a judgment is entered awarding a return the case is not within the contract; to bring the case within the terms of the contract, it must be made to appear that the court had awarded a return. To hold the surety liable for a failure to return where no return had been adjudged, would be to hold him in a case not within the spirit or letter of his undertaking.

It is a general rule that all the words of a contract must be given effect, if it can be reasonably done, and this rule would require that effect be given to all the conditions of the bond. But the case does not depend alone upon this rule, for the conditions are, as settled by a long line of decisions, beginning with the early English and continued under the stat-

utes of George II., from which ours is borrowed, distinct and independent, and this being so it is impossible that two of them can cover one and the same thing. It follows that the conditions refer to and cover different defaults, and that the default, covered by the condition that the plaintiff shall return the property if a return be adjudged, is not the same as that covered by the condition that the action shall be prosecuted with effect and without delay. In the case of *Chambers* v. *Waters*, 7 Cal. 390, the court held that where a judgment was rendered for the plaintiff in replevin for costs, and no return of the property adjudged, the sureties on the bond were, upon payment of costs, released from all liability. In the subsequent case of *Mills* v. *Gleason*, 21 Cal. 274, the court held that the rule did not apply to a case where the action was dismissed, and clearly marked the difference between the two classes of cases, but adhered to the general doctrine. In *Clary* v. *Roland*, 24 Cal. 148, the cases in that court were reviewed, and it was held that in order to entitle the plaintiff to a recovery for anything more than costs and nominal damages, it must be shown that there was an alternative judgment for the return of the property, or for its value, in case a return could not be had. In *Nickerson* v. *California Stage Co.*, 10 Cal. 521, this language was used: "The defendant objects that under our statute there should have been a finding of the value in the replevin suit, and an alternative judgment for the return of the property or the payment of its value. This would have been necessary to enable the plaintiff to recover against the sureties on the replevin bond, but the failure to do so can not affect his rights as to the defendants." The case of *Mitchum* v. *Stanton*, 49 Cal. 302, carries the doctrine somewhat further, and declares that where the bond contains the provision if a return be awarded by the court, it will not extend to an award of a return by any other court than that in which the bond was given. In *Ladd* v. *Prentice*, 14 Conn. 109, it was held that no action would lie for the

value of the property unless it was shown that a judgment of return was rendered in the replevin proceedings. A like conclusion was reached in *Clark* v. *Norton*, 6 Minn. 412, and it was there said: "But it does not appear that any return of the property was adjudged by the court, and consequently there has been no breach of the obligation on that head." In *Badlam* v. *Tucker*, 1 Pick. 284, it was said by the court: "Before we can hold the defendants liable for not returning the property, we must be satisfied that the present plaintiff had, at the time of the commencement of the replevin suit, the right of possession, and this right can not be determined in the present action. * * * The form of the bond is prescribed by law, and must not be extended beyond its obvious meaning." In *Gallarati* v. *Orser*, 27 N. Y. 324, DENIO, C. J., speaking for the court, said: "In this case there was judgment for damages only, and not for a delivery to the plaintiff of the property for which replevin was sought. * * * * Upon this state of the case I think the defendant was not liable. The sureties would not have been responsible on such an undertaking, if it had been given; and if they would not have been, the sheriff is not." Kentucky furnishes a strongly illustrative case, that of *Cooper* v. *Brown*, 7 Dana, 333, where it was declared that under the English law, which, as we have said, is substantially the same as ours, a return must be adjudged, or no recovery can he had for the value of the property. The case cited effectually disposes of that of *Roman* v. *Stratton*, 2 Bibb, 199, for if that case is based on a statute unlike ours, it is not authority with us, if on the common law it is wrongly decided and is overthrown. In the case of *Gallarati* v. *Orser, supra,* it was decided that a judgment rendered by agreement of parties, dispensing with the provision for a return of the property, releases the surety on the bond so far as concerns the value of the property replevied. A still stronger case is that of *Ashley* v. *Peterson*, 25 Wis. 621, where it was held that the judgment must, to bind the surety, be in the alternative, although a law passed after the execution of the bond provided

differently. It was there said of the bond, that "It was conditioned according to the law then in force, which required the judgment for the plaintiff to be in the alternative, for a delivery of the property in case it could be had. It was for this that the sureties undertook. Their obligation was conditional." The cases of *Webster* v. *Price*, 1 Root, 56, and *Buel* v. *Davenport*, 1 Root, 261, give the appellees no aid, for it appears from the statement of the cases that there was a judgment for a return; if, however, this were not so, they would be overruled by the subsequent case of *Ladd* v. *Prentice, supra.* The case of *Hollensbee* v. *Ritchey*, 49 Ind. 261, strongly supports the conclusion which we have reached.

The court below erred in allowing a recovery for the value of the property replevied.

Judgment reversed.

Petition for a rehearing overruled.