Dickman, J.
The assignment by a lessee of all his rights and interests in the premises, without his lessor’s consent, will not thereby discharge him from his express obligations, and he will therefore remain liable upon his original contract after his assignment. But, as his liability thus remains, he is entitled to be indemnified by his assignee, against the payment of rent during the continuance of such assignee’s term. While in the possession of the estate, and enjoying the benefit of the lease, there is an implied promise on the part of the assignee that he will also take the burden from his assignor and indemnify him against the claims of the lessor, while he holds under the assignment. Patten v. *221 Deshon, 1 Gray, 330 ; Farrington v. Kimball, 126 Mass., 313; Moule v. Garrett, L. R. 5 Exch., 132 (S. C. L. R. 7 Exch. Ch., 101;) Burnett v. Lynch, 5 Bar. & Cr., 589. Nor is this principle inapplicable where one of two joint lessees assigns to the other all his interest in the lease. It is stated by Mr. Justice Willes, in Moule v. Garrett, supra, 7 Exch. Ch., 104, in expressing his concurrence in the decision on an appeal in that case, that where á party is liable at law by immediate privity of contract, which contract also confers a benefit, and the obligation of the contract is common to him and to the defendant, but the whole benefit of the contract is taken by the defendant, the former is entitled to be indemnified by the latter in respect of the performance of the obligation.
The record shows, that in June, 1868, Carson conveyed to McHenry all his undivided interest in the perpetual leasehold, and gave to him the exclusive possession of the premises. McHenry paid in full, from time to time, up to January, 1876, all the rent accruing after such conveyance, but in February, 1879, being in default of rent then due, to wit, in the sum of $8125, including interest, the assignee of the reversion, Mrs. Anderson, brought suit for that sum against McHenry and Carson jointty, on the covenants for rent contained in the original lease.
Carson did not cease to be an original debtor to the lessors, for rent that had accrued after his making the conveyance to his joint lessee. But, as between himself and McHenry, he was a surety, and upon payment to the lessors of any portion of such rent, he had his remedy over against McHenry as principal, to be reimbursed. Wolveridge v. Steward, 1 Cr. & M., 644, 660. See also the opinion of Baron Parke in Humble v. Langston, 7 M. & W., 517, 530.
If however in the suit brought by Mrs. Anderson, any sum of money was paid her by Carson — not to be released from the claim for rent already due, the only matter in litigation, but to be discharged from a future contingent liability for rent under the lease — no action would be maintainable by Carson against McHenry to recover that sum so *222 paid by him. Apart from the rent which had accrued, there was then no indebtedness from McHenry to the assignee of the reversión, nor was Carson indebted to her, or under any legal obligation to pay her anything under the lease. When a surety pays the creditor’s claim, he must be legally bound for it, to enable him to recover the amount paid, of the principal. And it must also appear, that at the time of the payment, the principal himself was under a legal obligation to pay. The surety cannot, by a voluntary payment, when not legally bound, place himself in a better position towards the principal, than that of one not a surety, who voluntarily pays money in the discharge of the debt of another person; and cannot by such voluntary payment, impose upon the principal an obligation which he was not under at the time of the payment. Hollinsbee v. Ritchey, 49 Ind., 261.
The release executed bj" Mrs. Anderson shows, that in consideration of the sum paid by Carson, she designed to discharge him, not simply from existing liability, but from all liability that might arise in the future under the lease. It evidently was not intended, that the consideration of the release should extend merely to the rent past due, while the release from all future liability was to be treated as a distinct matter, supported by no consideration whatever. The releasor in unequivocal language says, “ In consideration of the sum of five hundred dollars paid by Enoch T. Carson, we do hereby release and discharge said Carson, his heirs and assigns, from all and any liablity arising on or growing out of a certain perpetual lease, etc., and we do hereby release and forever discharge the said Carson, his heirs and assigns, from all and any covenants in said lease, and from all the obligations thereof, this being in full and final settlement, and compromise of all claims on said lease.” Though the releasor “negotiated and executed the release pending the suit,” it is quite evident, that the consideration of the release refers, not merely to the subject-matter of the action — an existing liability — but also to all *223 possible claims, that might thereafter be made upon Carson, under the covenants of the lease.
What portion of the five hundred dollars paid by Carson, may have been designed by Mrs. Anderson, to be applied in reduction of the large arrears of rent which had been allowed to accumulate, does not appear; nor, have we any basis upon which we can apportion that amount, to the discharge of present and future contingent liability. It would seem to have been deemed all important to Carson,-in his negotiation for a release, to rid himself of the heavy burden of future liability under his covenants, as the rent which had already accrued might be considered as provided for without recourse to him, by reason of its having been made a lien, prior to all others, on the valuable improvements placed on the premises by the lessees.
As to McHenry, we fail to discover, that in his settlement with Mrs. Anderson, he ever got any benefit from Carson’s payment of the five hundred dollars. We find no evidence that the sum paid to her by Carson ever entered into the estimate, in fixing the amount that was paid by McHenry, upon her dismissing her suit and receiving a surrender of the leasehold. The court below found the fact to be, that she executed the release to Carson without any arrangement on her part with McHenry, or between him and Carson in regard to his, McHenry’s, liability, and without any request from him upon Carson. McHenry being in default of answer. in the suit instituted by Mrs. Anderson, her dealings with Carson, from aught that appears, bore no reference to his co-defendant. The subsequent arrangement with McHenry, by which, for the sum of $1,200 paid by him and his surrender of the leasehold, he was released from liability under the covenants of the lease, and the pending suit dismissed, is not shown to have been influenced by the previous transaction with Carson.
The judgment rendered in favor of Carson was doubtless upon the ground that the entire sum of $500 was paid by him to Mrs. Anderson, and by her applied in discharge of a claim for rent that had already fallen due, and which it *224 devolved upon McHenry to pay after the assignment to him of the lease. In our view of the special finding of facts by the court, they do not furnish such a presumption, that the above-named sum was paid and applied on accrued 'rent alone and not in discharge of future liability under the lease, as would entitle Carson to recover such sum of McHenry, as money paid on his account, upon an implied promise to reimburse Carson therefor. Nor, do we think, that the burden rests upon McHenry to prove that such sum was not applied on the rent.
The special finding of facts by the court of common pleas is not before us for review, it not appearing from the record that a motion for a new trial was made on the ground that the finding of the court was against the evidence and that such motion was overruled. Westfall v. Dungan, 14 Ohio St., 276. But such motion for a new trial is not necessary in order that conclusions of law arising upon the facts, may be made subject to review on error. Lockwood v. Krum, 34 Ohio St., 1. The case at bar is not one in which the record discloses that certain evidence was found tending to prove facts, without any finding upon the facts themselves; but there was a special finding of facts from the evidence, which raised a question of law as to the judgment to be rendered. Leach v. Church, 10 Ohio St., 148. The record does not contain the evidence, and as said by Okey, J., in Springer v. Avondale, 35 Ohio St., 624, “ There is a presumption that no evidence was offered, from which any other material fact could be found than those set forth in such finding.”
There having been no exception to the finding of facts, the only question for determination is as to the sufficiency of the facts found to warrant the legal deduction therefrom in favor of the defendant in error. The parties by their action having acquiesced in the facts as found, a question of law only is left for decision; and, we are of opinion, that as a conclusion of law from the special finding of facts, the plaintiff in error, McHemy, was not bound by an implied promise to reimburse Carson the sum paid by him to Mrs. Anderson. The judgment rendered by the court of common *225 pleas is not sustained, we think, by the facts found, and should be reversed, with judgment for the plaintiff in error.
Judgment accordingly.