No. 11,345.

## GERARD ET AL. *v.* DILL ET AL.

REPLEVIN.—*Compromise.*—*Dismissal.*—*Suit on Bond.*—Where a suit in replevin is compromised and settled by the parties, and dismissed accordingly, no suit can be maintained on the replevin bond.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, G. W. Paul, M. D. White* and *J. E. Humphries,* for appellants.

*J. M. Thompson, W. B. Herod* and *W. H. Thompson,* for appellees.

ELLIOTT, J.—The complaint of the appellants counts on an undertaking filed by the appellees in an action of replevin instituted by them.

The second paragraph of the answer reads thus: "The defendants, for further cause of defence, say that before the bringing of this suit they fully settled, compromised and dismissed, by and with the consent and co-operation of plaintiff Matthew J. Gerard, the action of replevin, in which the bond sued on was given, and said Matthew J. Gerard, for himself, and as the agent of his co-plaintiff herein at the same time, and in consideration of said dismissal, agreed that the whole matter of difference between the parties thereto should be forever ended, and that litigation should cease." The answer, although not well drawn, is good, for it shows an agreement of compromise, ending all litigation and settling the entire controversy. A defendant who procures a dismissal of an action of replevin in execution of an agreement adjusting all matters of difference and terminating the controversy, can not maintain an action on the bond filed in the cause by the plaintiff. It would be unjust to permit him to allege, as a breach of the bond, that which he had stipulated for in an agreement of compromise. We need not inquire what the rule would be where there was nothing more than a simple, mutual agreement to dismiss, for here there was an agreement

of compromise providing that all matters of difference should be forever ended, and that all litigation should cease. The cases cited by the appellants, *O'Neal* v. *Wade*, 3 Ind. 410, *Stevison* v. *Earnest*, 80 Ill. 513, and *Hall* v. *Smith*, 10 Iowa, 45, are not in point. The last case is nearest in point, but in that case there was nothing more shown than the defendant's consent to the dismissal of the action. There is, however, even in that case a dissenting opinion, which is not easily answered. The decision in *Hollinsbee* v. *Ritchey*, 49 Ind. 261, goes much farther than we are required to do, for it was there held that any agreement between the parties varying the terms of the bond would release the sureties.

The evidence fully supports the verdict. Judgment affirmed.

Filed May 9, 1884. Petition for a rehearing overruled June 4, 1884.