Filed Dec. 9, 1886.

<hr />

No. 12,803.

## PIPHER ET AL. *v.* JOHNSON ET AL.

REPLEVIN.—*Bond.*—*Stranger Can Not Maintain Action on.*—An action can not be maintained upon a replevin bond by a person who was not a party to the replevin proceeding nor an obligee in the bond.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor,* for appellants.

ZOLLARS, J.—On the same day, in November, 1880, N. B. Shaw and John Abels recovered separate judgments, aggregating about $600, against the Nelson Iron and Coal Company. On the 18th day of that month, executions were issued upon those judgments, and the sheriff levied them upon, and took into his possession, personal property, of the value of about $5,000, as the property of the iron and coal company. Shortly thereafter, claiming the property as theirs,

the appellees herein, Fordyce, Johnson and Plummer, as plaintiffs, replevied the property from the sheriff, Pipher, making defendants to the action with him the judgment creditors, Shaw and Abels, and got possession of the property by executing a replevin bond, which, after setting out the title of the cause, with the names of the plaintiffs and defendants in full, was as follows:

" We undertake that the plaintiffs in the above entitled action shall prosecute said action with effect and without delay, and return the property in controversy to the defendants herein, if return be adjudged by the court, and pay to said defendants all such sums of money as they may recover against the plaintiffs in this action for any cause whatever."

This bond was signed by the plaintiffs in the action, and by appellee Frank Baker, who was surety for the other obligors.

While the replevin suit was pending, and while the property was thus in the possession of Fordyce, Johnson and Plummer, Frick, Ferguson and Ferguson, appellants herein, recovered a judgment against the iron and coal company in the sum of $2,070. In January, 1881, an execution was issued upon that judgment, and by the sheriff levied upon the said personal property still in the possession of Fordyce, Johnson and Plummer.

Upon an appeal to this court, it was held that the levy of the executions in favor of Shaw and Abels, and the taking possession of the property by the sheriff, brought it within the custody of the law; that the possession of Fordyce, Johnson and Plummer, secured to them by the undertaking given in the replevin proceedings, was, in legal contemplation, that of the law, and that being thus *in custodia legis,* the property could not be seized under the execution upon the judgment in favor of appellants. *Pipher* v. *Fordyce,* 88 Ind. 436.

While the replevin suit was pending, and before its determination, and while the execution upon appellants' judg-

ment was in the hands of the sheriff, Fordyce, Johnson and Plummer shipped the property out of the State, sold it, and realized therefrom $5,000. Afterwards, Fordyce purchased from Shaw and Abels their judgments against the coal and iron company, as alleged in appellants' complaint herein, to prevent a trial of the replevin suit, and at the time of making the purchase, he, Shaw, and Abels agreed that judgment should be rendered in that suit in favor of the plaintiffs therein at their costs, reserving to the sheriff, and appellants, all rights that they or either of them might have by virtue of appellants' judgment, the execution thereon, or under the bond in the replevin suit, or by reason of the sale of the property by Fordyce, Johnson and Plummer. Upon that agreement, judgment was accordingly rendered.

During all this time, the coal and iron company has had no other property, out of which appellants could make any part of their judgment.

In this action, appellants seek to avail themselves of the bond executed in the replevin suit, and to recover thereon against Fordyce, Johnson and Plummer, and their surety, Baker, the amount of their judgment against the coal and iron company.

The foregoing is substantially the statement of facts as contained in appellant's complaint. It is further alleged therein, that the property in question belonged to the coal and iron company, and not to appellees, Fordyce, Johnson and Plummer.

It will be noticed that there are three conditions in the replevin bond:

1st. To prosecute the suit with effect, and without delay.

2d. To return the property to the defendants in the action, upon a judgment of return by the court.

3d. To pay to the defendants in the action such sums of money as they might recover against the plaintiffs in the action.

For the performance of these conditions, and none other,

the principals in the bond, and their surety, bound themselves by the undertaking.    It is clear, that the defendants in the replevin suit, who were the obligees in the bond, could not have maintained an action on the bond, either for the value of the property or for damages, because no condition of the bond was broken by the obligors.    They are not in fault for not having returned the property, because there was no judgment for its return.    They are not in fault for not having paid to the obligees any sum of money, because there was no judgment against them except for costs, and for aught that appears they are paid.    They are not in fault for not having prosecuted the action, because, by the agreement of all parties to the action, it was settled, and judgment rendered in their favor.    *Gerard* v. *Dill,* 96 Ind. 101 ;    *Thomas* v. *Irwin,* 90 Ind. 557 ; *Foster* v. *Bringham,* 99 Ind. 505.

We know of no principle of law that will enable appellants, who were not parties to the replevin suit, and, hence, not obligees in the bond, to recover upon that bond.    The undertaking was to and with the defendants in the replevin suit, and to and with no one else.    To hold the principals in the bond liable thereon to appellants, would be to hold them liable to a party, upon a contract, with whom they had no contract.    This certainly can not be done.    And still less can the surety be held beyond the terms of his undertaking.

If appellants have been in any way wronged by the acts of Fordyce, Johnson and Plummer, and have any remedy, clearly, that remedy is not upon the bond with which they had no connection.    Indeed, at the time the bond was executed, they had no judgment, and, of course, no execution.

Whether, notwithstanding the fact that appellants could not take the property upon their execution, it was yet a lien upon it, subject to the lien of the prior execution, is a question we need not now decide.    Whether it was or not, it may be that appellants could have protected themselves by having the property put into the hands of a receiver to await the termination of the litigation, or by having Fordyce, Johnson

and Plummer enjoined from selling or in any way disposing of the property until it should be determined what disposition was to be made of the first execution or levy. These are questions, again, which we do not decide. What we do decide is, that appellants can not recover upon the bond, and that, hence, the court below properly sustained a demurrer to the complaint.

Judgment affirmed, at appellants' costs.

Filed Dec. 9, 1886.