## VOLUNTARY PAYMENT BY A SURETY.

Circuit Court of Cuyahoga County.

JOHN HOLLAND v. LOUIS J. LEE.

Decided, December 9, 1907.

*Surety who Pays Debt for which He was not Legally Bound, a Mere Volunteer..*

Where the surety upon an appeal bond in a case wherein no appeal was ever perfected, pays the amount of the judgment and costs in the justice court, he is a mere volunteer and can not recover the amount so paid from his principal who failed to perfect the appeal.

*George A. Groot,* for plaintiff in error.
*J. A. Thompson,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff in error was the plaintiff in the court below. To his petition filed in that court a general demurrer was sustained, and the plaintiff not desiring to plead further, judgment was entered for the defendant, dismissing the petition of the plaintiff. The action of the court in sustaining the demurrer is complained of.

From the petition it appears that a judgment was obtained before a justice of the peace by George A. Groot against this defendant; that at the request of this defendant the plaintiff signed the bond for an appeal from that judgment; the condition of that appeal bond being, as provided by law, that he did "promise and undertake that the said appellant, if the judgment be adjudged against him on the appeal, will satisfy such judgment and costs, not exceeding the sum of $60, and I do also undertake, in said last mentioned sum that the said appellant will prosecute his appeal to effect, and without unnecessary delay."

Said appeal was never perfected, and at the expiration of the time fixed by law for perfecting such appeal the plaintiff in the action before the justice demanded of the plaintiff in this action that he pay said judgment and costs, saying that if this was

not done, he (the plaintiff in the action before the justice) would file a transcript in that action and cause a judgment to be rendered against this plaintiff in the court of common pleas.

The plaintiff herein, after said demand was made upon him, demanded of this defendant that he satisfy said judgment and costs and thereby relieve this plaintiff from the payment of the same. The defendant refused to comply with that request and to pay said judgment, and the plaintiff in order to save any further expense incident to the case went to said justice and paid in satisfaction of said judgment and costs to which said Groot was entitled the sum of $29.85.

It is for this sum so paid by the defendant that the present suit is brought.

It will be noticed that the appeal never was perfected by anybody; that therefore, the time never came when the plaintiff was required by law to make the payment which he did make. True this undertaking was that Lee would perfect his appeal and prosecute it to effect, and without unnecessary delay. Lee failed to do it, but there was no obligation on Holland to pay until that appeal had been perfected by somebody. Groot could have perfected the appeal, as he threatened to do, and if he had perfected it, it is said Holland would then be bound to pay. But he was not bound to pay unless the appeal was perfected by somebody, and it does not follow that because Groot threatened to perfect that appeal and take judgment against Holland that he would have done so. Holland must, therefore, be treated as having made a voluntary payment for Lee. Lee never requested him to make it, and it is settled that when a pure volunteer pays the debt of another, he is not entitled to recover from him whose debt he pays. See *Oaks* v. *Campbell*, 3 Ohio Decisions, 706; *Gimperling* v. *Hanes*, 40 Ohio State, 114.

The case of *Williams* v. *Williams*, 5 Ohio Reports, 44, to which attention is called by the plaintiff in error, differs materially from the one now under consideration. In that case a surety paid a debt for his principal, but it was upon an obligation for the payment of money made by the principal and the surety jointly to the creditor. Money was due. Each of the makers of the instrument was liable upon it. Suit could be maintained

directly upon it against each or both and so when the surety paid, he did not pay as a volunteer, but paid upon an obligation in which he was directly responsible to the creditor.

In the case under consideration the plaintiff was not under any obligation to pay anything until judgment should be rendered against his principal on the appeal.

In the case of *Hollinsbee* v. *Ritchey*, 49 Ind., 261, the syllabus reads as follows:

"When a surety pays a debt, he must be legally bound for it to enable him to recover the amount paid of the principal, and the principal must also, at the same time, be under a legal obligation to pay the debt.

"In an action of replevin, where a bond is filed and possession of the property obtained, and afterward the suit is dismissed by agreement of the parties, the plaintiff agreeing to pay the defendant a certain sum, but where no judgment is rendered, if the surety on the replevin bond afterward, without the request of the plaintiff, pays the amount agreed to be paid to the defendant, he can not recover the same of his principal, the payment being voluntary on the part of the surety."

We reach the conclusion in this case that the judgment of the court of common pleas was right, and the same is affirmed.