## JONES ET AL. *v.* SCHULMEYER.

CITY.—*Street Improvement.—Lien.*—The cost of a street improvement made by order of the common council of a city is not a lien upon the real estate liable to assessment, until the estimate has been made; and the lien does not relate back to the time when the work was commenced.

EVIDENCE.—Parol evidence is not admissible to show that at the time of the execution of a deed of conveyance of real estate, and of a mortgage thereof by the vendee to secure unpaid purchase-money, the vendor agreed to pay for street improvements then in progress, and for which the real estate would be liable to assessment; and especially is such evidence inadmissible where the

mortgage contained an agreement on the part of the mortgagor to keep all legal taxes and charges against the real estate paid as the same became due.

MORTGAGE.—*Contract.*—Where a mortgage is made to secure the payment of a series of notes, it is competent for the mortgagor to agree to pay attorneys' fees, and that on failure to pay one of the notes, all the notes shall become due and payable.

SAME.—*Married Woman.*—A married woman may bind herself, by her mortgage, in such a contract.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—This was an action by the appellee against the appellants to foreclose a mortgage of July 23d, 1870, on certain real estate in the city of Indianapolis, given to secure the payment of seven promissory notes, executed for purchase-money. The mortgage contained a stipulation that on failure to pay any one of the notes when due, or within sixty days thereafter, all of them should be due and collectible; and a failure to pay the first note of two hundred dollars was alleged, in consequence of which it was claimed that the notes were all due.

The defendants answered as follows:

First. They admit the execution of the notes and mortgage, and that they were given for the purchase-money of the real estate mentioned in the mortgage, which real estate they allege the plaintiff conveyed and warranted to the defendant Orissa M. Jones, by deed of July 23d, 1870; that on the 12th day of April, 1870, the common council of the city passed an ordinance, a copy of which is filed with the answer, for the improvement of New Jersey street; that the contract was let on the 12th day of April, 1870; that the mortgaged premises are situated on that part of said street to be improved; that at the time of the conveyance of said real estate a part of the work under said contract was done, and a part of the street in front of said property had been graded and bowldered under the contract; that on the 12th day of September, 1870, an assessment of one hundred dollars and ninety-one cents was by the common council made against said premises for said grading and bowldering. Wherefore they say that at the time of said conveyance

said premises were incumbered to that amount, and which amount the said Orissa M. Jones paid on the 23d day of September, 1870. They further alleged a tender of the balance of the matured note, which was for two hundred dollars, and brought the money into court.

Second. After admitting the execution of the notes and mortgage, and that they were given for the balance of the purchase-money of said real estate, they say that the plaintiff conveyed and warranted said real estate to the defendant Orissa M. Jones, on the 23d day of July, 1870; and that at the time of said conveyance it was agreed and understood by and between the agent of plaintiff, who sold said premises to defendants, that there were at that time street improvements in front of said property in progress; and that said plaintiff by his agent agreed and undertook at that time to pay for all of said street improvements that might be assessed against said property; and defendants expressly aver that said agreement was a part of the inducement and consideration for the purchase of the said property by the defendant Orissa M. Jones; and that on the 12th day of September, 1870, an assessment was made against said property by the common council of one hundred dollars and ninety-one cents, on account of said improvement in front thereof, which the plaintiff refused to pay, and which the defendant Orissa M. Jones paid on the 23d day of September, 1870. They further allege a tender of the residue of said matured note, and bring the money into court.

Third. Admitting as before, they say that on the 23d day of July, 1870, the plaintiff conveyed and warranted to the defendant Orissa M. Jones the said real estate; that at the time of the execution of said deed and mortgage, the agent of the plaintiff represented to the defendants that said street improvements were paid for, and that the defendants would not be compelled to pay for the same; that such representation was part of the inducement and consideration for the purchase of said real estate; that they relied on the same; that they were false and fraudulent, in this, that said improve-

ments were not paid for; and that the said mortgage would not have been delivered but for such representation. They further allege the making of the assessment for one hundred dollars and ninety-one cents, and the payment thereof by the defendant Orissa M. Jones, and also a tender of the residue of the amount of the matured note on the day on which it fell due, and that they bring the same into court.

Fourth. In the fourth paragraph, they admit the execution of the notes and mortgage, alleging that they were given for balance of purchase-money, and say that the plaintiff by his warranty deed, a copy of which is filed with the answer, on, etc., conveyed and warranted said real estate to the defendant Orissa M. Jones, and thereby warranted that said real estate was free of all incumbrances; and defendants further say, that at the time of delivering said deed to the defendant Orissa M. Jones, the defendants delivered the notes and mortgage sued on to the agent of the plaintiff, who sold the real estate to the defendant Orissa M., and who represented to the defendants that there were street improvements in front of said premises in progress, and that said improvements were paid for, and the defendants would not be compelled to pay for the same; that they relied on said representations, and they were a part of the inducements and consideration for the purchase by the defendant Orissa M. Jones of the said real estate; that said representations were false and fraudulent, and were made with the intent to deceive the defendants, and did deceive them; that said improvements had not been paid for, but afterward an assessment was made therefor by the city council, in the sum of one hundred dollars and ninety-one cents, which was paid by the defendant Orissa M.; wherefore they say that the consideration of said note to that extent has failed. They allege a tender of the residue of the matured note, when it became due, which they paid into court with the answer.

The plaintiff demurred to each of the paragraphs of the answer separately, and his demurrers were sustained to the

first and second, and overruled as to the third and fourth. Exceptions were taken.

The plaintiff then replied to the third and fourth paragraphs of the answer by general denial.

There was a trial by jury, and a verdict for the plaintiff, and answers to interrogatories, as follows:

First. Was Myers the agent of the plaintiff for the sale of the property described in the mortgage to the defendants? if so, when did he become so? Answer. No.

Second. Did Myers, as agent of plaintiff, represent to the defendants, at the time of the sale of said property, and before and at the time of the delivery of the deed and mortgage to and on the same, that there were, at that time, street improvements in front of said property in progress, and that said improvements were, at that time, to wit, the time of said sale and delivery aforesaid, paid for, and that these defendants would not be compelled to pay for the same? Answer. Yes, but was not agent.

Third. If said agent made the representations, and at the time, designated in the first preceding interrogatory, did said defendants rely on said representations, and were they a part of the inducement for the purchase of said property by the defendant Orissa M. Jones? Answer. Yes.

Fourth. If the representations set forth in the second interrogatory were made by said agent, were they false? if yea, in what were they false? Answer. Yes, in not being paid.

Fifth. When was the estimate made for the street improvements in front of the property in the mortgage described? Answer. September 12th, 1870.

Sixth. Did the defendant Orissa M. Jones pay said estimate on said property? if so, when and how much did she pay? Answer. Yes, September 12th, 1870, one hundred dollars and ninety-one cents.

Seventh. Did the defendant Orissa M. Jones tender to the plaintiff, before the bringing of this suit, in the legal tender money of the United States, the amount due on the

Jones *et al. v.* Schulmeyer.

note for two hundred dollars, now due and sued on, before the sixty days of grace ran out, less the amount paid by her in discharge of the lien on said property for said street improvements? Answer. Yes.

Eighth. If such tender was made, was it accompanied by any condition upon which the money was to be received by plaintiff? Answer. Yes.

Ninth. Did the plaintiff refuse the tender made by the defendant Orissa M. Jones before bringing suit, and before the sixty days of grace ran out? if yea, upon what ground did he so refuse? Answer. Yes, that he was not liable for the improvements.

The defendants moved the court for a new trial, for the following reasons:

First. That the verdict of the jury was contrary to law.

Second. The verdict of the jury was contrary to the evidence.

Third. The damages assessed by the jury were excessive.

Fourth. That the court erred in permitting incompetent and immaterial evidence, offered by the plaintiff, to go to the jury during the trial of the cause, over the objection of the defendants.

Fifth. That the court erred in giving instructions numbered two, four, five, six, and seven to the jury, to which defendants at the time excepted.

Sixth. That the court erred in refusing to give instructions numbered one, four, and seven, asked by the defendants, to which the defendants at the time excepted.

This motion was overruled, and the defendants excepted.

The defendants then filed objections in writing to the rendition of the judgment, which were as follows:

First. It provides for the sale of the property to satisfy the said decree.

Second. That it provides for the sale of the whole of the property to satisfy the whole of the mortgage debt, without making any provision that in case one of the instalments now due is satisfied, and the costs of suit paid, the other in-

Jones *et al. v.* Schulmeyer.

stalments shall be stayed, and become due and collectible only as they become due, as stipulated in the notes and mortgage.

Third. Because the defendant Orissa M. Jones is not bound by any of the covenants in the mortgage foreclosed, and is therefore not bound by the covenants that provide for attorney's fees, and that all the instalments shall become due on failure to pay any one of them.

This objection was also overruled, and the defendants again excepted. Final judgment was then rendered for the plaintiff.

Several points are made in the assignment of errors, but they all resolve themselves into three; first, the sustaining of the demurrers to the first and second paragraphs of the answer; second, the overruling of the motion for a new trial; and, third, the rendition of judgment for the sale of the whole mortgaged premises.

The first question in order is as to the sufficiency of the first paragraph of the answer. The legal question involved here is this: "Does the cost of an improvement of a street, after the passage of the ordinance, resolution, or order for the improvement, and after the letting of the contract and part of the work has been done, but before any estimate has been made, constitute a lien on the real estate, and cause a breach of the covenant against incumbrances, or any other covenant, in a general warranty deed?"

Section 70 of the general law relating to cities, 3 Ind. Stat. 100, provides for the making of the estimates for street improvements, and declares that "such estimate shall be a lien upon the ground upon which they are assessed, to the same extent that taxes are a lien, and shall have the same preferences over other demands." It is contended by counsel for the appellants that when the estimate has been made, it relates back to the time when the work was commenced. We are not of this opinion. It is the estimate which becomes a lien, and not the mere order for the work, the contract, or the doing of the work, or all of them com-

bined.   But for the statute there would be no lien.   As the estimate was not made in this case until two months after the deed was made, according to the allegations of the paragraph in question, it was not an incumbrance on the real estate when it was conveyed, nor any breach of the covenants in the deed.   *Langsdale* v. *Nicklaus*, 38 Ind. 289.

Next, as to the sufficiency of the second paragraph of the answer.   The question here is, whether it can be averred and proved by parol that at the time the deed and notes and mortgage were executed, it was agreed by the vendor that he would pay for the improvements.   To allow this, would be not only to add to the stipulations of the parties in the deed and notes and mortgage by parol, but would, in this case, be in flat contradiction of an express provision in the mortgage, which is as follows: "And it is further expressly agreed that until all of said notes are paid, said mortgagors will keep all legal taxes and charges against said premises paid as the same become due," etc.   This cannot be done.

There was no error in sustaining the demurrer to this paragraph of the answer.

We are next to examine the reasons which were assigned for a new trial.

No point is presented for our consideration under the first reason assigned for a new trial, that is, that the verdict was contrary to law.

In considering the next point, that is, the insufficiency of the evidence to sustain the verdict, it is proper that we should see what facts or questions in the case were found by the jury for the defendants, and what against them. The jury found in favor of the defendants by their answers to the interrogatories:

First.  That Myers represented to the defendants, at the time of the sale of the property, and before and at the time of the delivery of the deed and mortgage, that there were, at that time, street improvements in front of said property in progress, and that said improvements were, at that time, to wit, the time of said sale and delivery, paid for, and that

Jones *et al. v.* Schulmeyer.

the defendants would not be compelled to pay for the same.

Second. That the defendants relied upon said representations, and they were part of the inducement to the purchase of the property.

Fourth. That these representations were false, because the street improvements had not been paid for.

Fifth. That an estimate was made on September 12th, 1870.

Sixth. That Mrs. Jones paid the estimate, amounting to one hundred dollars and ninety-one cents, September 12th, 1870.

Seventh. That she tendered to the plaintiff the balance of the matured note before the commencement of the action, in legal tender money of the United States, before the expiration of the sixty days' grace allowed by the contract.

Eighth. That the plaintiff refused the tender.

The jury found against the defendants, in the answers to the interrogatories, that Myers was not the agent of the plaintiff. We think that the defence set up in the third and fourth paragraphs was made out if Myers was the agent of the plaintiff. We will recur to the evidence then on this point, assuming, as we ought to do, that the representations were made by Myers, and see if he was the plaintiff's agent.

Without setting forth the testimony at length, it appears that in 1868, Copeland was a real estate agent in Indianapolis, and the property was left in his hands by the plaintiff for sale. Afterward, and before the sale of the property, Myers became a partner with Copeland in the same business. The defendants went to them to examine and purchase property. Copeland told Myers to show them all the property they had for sale in the north-east part of the city. When Myers came back, Copeland said Myers asked him whose property this was, and he told him it was the plaintiff's property, and went and introduced Myers to the plaintiff as his partner. Then the plaintiff, Copeland, and Myers went to see the defendants, and acting upon the representations of Myers, previously made to them, the defendants made a proposition in writing to purchase, which the plaintiff ac-

cepted, and which was followed by the deed and mortgage. We presume the jury found that Myers was not an agent of the plaintiff, for the reason that he was not a partner of Copeland when the real estate was left in the hands of Copeland for sale. We think this view of the question was incorrect. We infer, and the jury should have found, from the fact of Myers' being a partner of Copeland, from his acting in the matter under the direction of Copeland, from his being introduced to the plaintiff by Copeland as his partner, and from the fact that Myers and Copeland went together with the plaintiff to the defendants, when it was made known to the plaintiff that Myers had carried on the negotiation with the defendants, and from the fact that he assisted in closing up the trade, that he was the agent of the plaintiff.

But if Myers was a mere assistant of Copeland, acting for him, and we should regard Copeland as the only agent of the plaintiff, it would be difficult to see how we could do otherwise than to consider the representations as having been, in effect, made by Copeland, and then in that view, as the third and fourth paragraphs of the answer do not name the agent, the defence would have been made out. Under the circumstances we are not quite willing to say that the plaintiff shall have the advantage of the bargain negotiated for him by Myers, and not also be responsible for his representations. The case, in this view of it, appeals to us pretty strongly in favor of the defendants.

We will not examine the instructions, as what we have already decided disposes of most, if not all, of them.

We think there was no error in the rendition of the judgment, if right in other respects, for the amount of all of the notes. It was competent for the parties to agree to pay the attorneys' fees, and that on failure of the defendants to pay one of the notes, all the notes should become due and payable. We think the *feme covert* might bind herself by her mortgage in such a contract. *Philbrooks* v. *McEwen*, 29 Ind. 347.

The judgment is reversed, with costs, and the cause remanded with instructions to the court to set aside the verdict and grant a new trial.

*G. W. Spahr* and *H. Dailey*, for appellants.

*W. Wallace*, for appellee.