## KAHN ET AL v. GAVIT.

[No. 2,907.   Filed November 16, 1899.]

APPEAL AND ERROR.—Assignment of Error.—Defect of Parties.—A defect of parties is not presented by an assignment that the complaint does not state facts sufficient to constitute a cause of action. p. 277.

SAME.—Assignment of Error.—Waiver.—An assignment of error is waived by failure to discuss it.   p. 277.

SAME.—Assignment of Error.—Defect of Parties.—An assignment of error "that there is a defect in parties plaintiff, in that necessary parties plaintiff have not been made" presents no question on review. p. 277.

Kahn v. Gavit.

APPEAL.—*Assignment of Error.*—Error in finding against appellant on a plea in abatement is not properly presented by an assignment that "the court erred in overruling and finding against appellant's plea in abatement herein filed." *p. 277.*

REPLEVIN.—*Action on Bond.*—*Parties.*—The assignee of a judgment may maintain an action on a bond given the sheriff in replevin of goods levied upon by virtue of an execution issued for the collection of the judgment without making the sheriff a party. *pp. 278, 279.*

APPEAL AND ERROR.—*Joint Assignment of Error.*—No error is presented on a joint assignment as to the action of the court in sustaining a demurrer to several paragraphs of a pleading if either paragraph is bad. *p. 279.*

SAME.—*Record.*—Available error cannot be predicated upon the ruling of the court on a demurrer, where the demurrer is not in the record. *p. 279.*

SAME.—*Assignment of Error.*—*Verdict.*—An assignment "that the court erred in its conclusions of law in its findings for the appellee" presents no question where there was a general verdict. *p. 279.*

EVIDENCE.—*Harmless Error.*—*Replevin.*—Alleged error in the admission of evidence in the trial of an action on a replevin bond, as to the value of a horse which had died after the execution of the bond, was harmless, where there was nothing in the judgment to indicate that the court considered the value of the horse in arriving at the amount of the judgment. *p. 280.*

From the Lake Superior Court. *Affirmed.*

*E. M. Seymour* and *L. T. Meyer*, for appellants.
*F. N. Gavit* and *J. A. Gavit*, for appellee.

HENLEY, J.—Action by appellee upon a replevin bond ·executed by appellants to M. L. Conroy, R. H. Wells, and Benj. F. Hayes, Sheriff of Lake county, Indiana, who as such sheriff had levied upon certain property by virtue of an execution issued for the collection of· a judgment obtained against said Conroy in a case entitled Sample v. Conroy, in said court. The judgment against Conroy was assigned in proper form to appellee by the owner thereof, one Littleton Sample, and thus appellee succeeded to whatever rights said Littleton Sample had growing out of such ownership. Briefly stated this record shows the following state of facts: (1) That one Littleton Sample obtained a judgment against M. L. Conroy; (2) that said Sample sold and assigned said

judgment to appellee; (3) that an execution was issued upon said judgment against said Conroy, and placed in the hands of Hayes, the sheriff of said county, who levied upon and took possession of three horses as the property of said Conroy; (4) that appellants, holding a chattel mortgage upon said horses, began an action in replevin against said Conroy and said sheriff, and gave the necessary bond and took possession of said horses. Said suit to replevy the horses from the sheriff was tried in the superior court of Lake county, and a judgment was rendered in favor of said Hayes as sheriff and against the appellants herein; (5) that said appellants have refused, and still refuse, to return said property to the sheriff, and that said Conroy owns no other property subject to execution within this State, and that the execution has been returned by the sheriff wholly unpaid and unsatisfied.

Appellant filed an answer in this cause consisting of five paragraphs, and also an answer in abatement. A demurrer to the answer in abatement was overruled, and, upon the trial of the issue presented by the plea in abatement, the finding and judgment was in favor of appellee, that the action do not abate; in fact appellants did not introduce any evidence upon the trial of this issue.

Appellee's demurrer for want of facts was sustained to the second and fourth paragraphs of answer, and overruled as to the third and fifth. There was a trial upon the issue tendered by the answers in bar, and finding and judgment in favor of appellee, and from said judgment this appeal is prosecuted.

The appellants have assigned error as follows: "(1) The complaint does not state facts sufficient to constitute a cause of action. (2) That the superior court of Lake county had no jurisdiction of the subject-matter of said action. (3) That there is a defect in parties plaintiff in that necessary parties plaintiff have not been made. (4) The court erred in overruling and finding against appellants' plea in abatement herein filed. (5) The court erred in overruling appellants' demurrer to plaintiff's complaint. (6) The court erred

in sustaining appellee's demurrer to appellants' second, third, fourth, and fifth paragraphs of answer. (7.) The court erred in its conclusions of law in its findings for the appellee. (8) The court erred in overruling appellants' motion for a new trial of said cause on the grounds and for the reasons set forth in said motion as appears on pages twenty-three and twenty-four of the record hereof. (9) The court erred in overruling appellants' motion in arrest of judgment. (10) The court erred in refusing to strike out certain costs and fees. (11) The court erred in refusing to tax all costs against appellee. (12) The court erred in its assessment of damages in that too large an amount is assessed against appellants, and that said finding in favor of appellee and against appellants is contrary to the evidence."

We will dispose of the various specifications of this assignment of errors in the order in which they appear herein:

The statute permits a complaint to be tested for the first time upon appeal for one cause only, that is, that the complaint does not state facts sufficient to constitute a cause of action. Appellants' whole argument is upon the ground that there is a defect of parties plaintiff. Such a defect is not presented by the first specification of appellants' assignment of errors.

The second specification, if proper, is waived by a failure to discuss it.

The third specification presents no question to this court.

As to the fourth specification, it may be said that the lower court overruled appellee's demurrer to appellants' answer in abatement, and of such action appellant cannot complain; and if the court erred in finding against the appellant upon the issue tendered by such answer the error is not properly assigned here.

The fifth specification of the assignment of error presents the question of the sufficiency of the complaint. It is not contended by appellants that the first reason assigned in the

demurrer should be sustained, ·nor that the second reason attacking the jurisdiction of the lower court ٬is good, but that the lower court should have sustained the demurrer to the complaint for the third reason assigned, which was, in the language of the demurrer, as follows: "That there is a deficit of parties plaintiff in this, that Benj. F. Hayes sheriff of Lake county, Indiana, to whom said bond was payable, is a necessary party plaintiff and should be joined herein." It is well settled in this State that an assignment of a judgment will vest an equitable title in the assignee, and that the assignee thereby becomes the real party in interest in any proceedings which may be commenced for the collection or protection of such judgment. *Thomas* v. *Irwin*, 90 Ind. 557; *Lapping* v. *Duffy*, 47 Ind. 51; *Shirts* v. *Irons*, 54 Ind. 13; *Kelley* v. *Love*, 35 Ind. 106.

It may be further said that the property upon which the execution was levied was the fund to which appellee must look for the payment of the judgment, and that appellee had an interest in its preservation; that, in fact, the bond in suit, which was executed to the sheriff and the owners of the property levied upon, was for the benefit of appellee, and he would have a right to an action upon it. Such is the effect of the decision in the case of *Thomas* v. *Irwin*, 90 Ind. 557.· See, also, *Moore* v. *Jackson*, 35 Ind. 360.

The question then remains, can the action be prosecuted by appellee without joining the sheriff as plaintiff, or, if he refuse to join as plaintiff, then as defendant. In none of the appealed cases in this State has the question thus presented been decided. The case of *Pipher* v. *Johnson*, 108 Ind. 401, is not in point, and the syllabus does not state the rule ·of law announced in the opinion. The case of *Walls* v. *Johnson*, 16 Ind. 374, holds that a judgment creditor may join with the sheriff in an action on a replevin bond although he is not a party to the original suit. No other question as to the complaint was before the Supreme Court in the last mentioned case. In the case of *Fos-*

*ter* v. *Bringham*, 99 Ind. 505, this question was attempted to be raised, but the court held that the defect, if any, of parties plaintiff was waived by failure of the defendants to assign such reason in their demurrer to the complaint. The three cases last mentioned are the only cases cited by counsel for appellant to sustain their contention.

·Our statute requires that all actions shall be brought in the name of the real party in interest. §251 Burns 1894. It has been often held that a person for whose benefit a contract has been made can maintain an action thereon in his own name. *Waterman* v. *Morgan*, 114 Ind. 237; *Williams* v. *Markland*, 15 Ind. App. 669; *Young* v. *Young*, 21 Ind. App. 509. There can be no doubt but that the bond in this cause was given for the benefit of the owner of the judgment, for the payment of which judgment the replevied chattels were being held by the sheriff at the time they were taken from him. The sheriff held the property by virtue of his levy and in no other way; he could occupy no better position than trustee for appellee. We see no good reason why appellee alone could not maintain this action upon the replevin bond for the recovery of whatever was due him by its terms.

Appellants' sixth specification of error is not available. The assignment is joint, and if either paragraph of answer is bad the error, if any, is not presented. The record shows that the court overruled appellee's demurrer to the third paragraph of appellants' answer. Appellant could not complain of the action of the lower court in this regard. This specification is not available for another reason. The record as it comes to us does not contain the demurrers filed by appellee to the various paragraphs of answer filed by appellants; on the contrary, it affirmatively shows that no such demurrers are on file in the clerk's office of Lake county where the cause was commenced and prosecuted to final judgment.

Specification seven presents no question. There was a general verdict in this cause. Specification nine presents the

question as to the overruling of appellants' motion for a new trial. It is contended by appellants that the lower court erred in admitting evidence of the value of the mare "Mrs. Murray" when it was shown that the mare had died a natural death after she was taken by appellants. The evidence admitted was as to the value of this mare at the time she was taken by appellants, and the court admitted evidence of her death before the commencement of this action. There is nothing in the judgment in this cause to indicate that the court considered the value of this mare in arriving at the amount of the judgment, there being no special finding, and the evidence, although conflicting, being such that the court could have rendered the judgment herein and given appellants full credit for the value of said mare. We do not think the court erred in admitting the evidence complained of, but, in any event, it was harmless.

It is also contended that the judgment is erroneous being too large; that the lower court gave appellee judgment for the costs in the case of Sample v. Conroy. It will be remembered that appellee is the assignee of the judgment in the case of Sample v. Conroy. *Hays* v. *Boyer*, 59 Ind. 341; *Goodwin* v. *Smith*, 68 Ind. 301. Without passing upon the question as to the right of appellee to recover the above mentioned costs in this case, it is sufficient to say that the judgment does not show that such costs were included.

The ninth specification of the assignment of errors is waived by failure to discuss it.

The tenth is not predicated upon any motion shown by the record, and is not properly assignable as error in this court. The same may be said of the eleventh and twelfth specifications, parts of which are properly assignable as reasons for a new trial.

We find no available error in the record. Judgment affirmed.