## THE MARION BOND COMPANY, TRUSTEE, *v.* BLAKELY.

[No. 3,946. Filed November 19, 1902. Rehearing denied January 27, 1903.]

MUNICIPAL CORPORATIONS.—*Assessment for Street Improvement.—Failure to Pay Instalment When Due.—Foreclosure of Lien.*—Under §3853 Burns 1901, the failure of a property owner to pay an instalment of an assessment for street improvements when due causes all subsequent instalments to become due, and authorizes a foreclosure of the lien, although the delinquent instalment was paid to the city treasurer soon after it became due and before foreclosure proceedings were begun.

From Superior Court of Marion County; *J. M. Leathers,* Judge.

Suit by the Marion Bond Company, as trustee, against Allie Blakely. From a judgment for defendant, plaintiff appeals. *Reversed.*

*S. M. Richcreek,* for appellant.
*W. W. Thornton,* for appellee.

ROBY, J.—The sole question for decision is whether or not a lot owner in the city of Indianapolis, whose land has been assessed for street improvements under the provision of the Barrett law, she having signed a waiver and exer-

cised her option to pay by instalments (§§3847-3850 Burns 1901), but failed to pay, when due, one instalment, payable on the first Monday in November, paying the amount of the instalment in the January following, before any action had been begun, may, because of such payments so made, and accepted by the city treasurer, defend against an action to foreclose the lien for the entire amount of such assessment.

The statute, while it gives the right to pay by instalments, contains the following further provision: "Failure to pay any instalment of principal or interest when the same is due shall bring all instalments of principal yet unpaid forthwith due and payable." §3853 Burns 1901; *Indiana Bond Co.* v. *Bruce,* 13 Ind. App. 550.

In *Moore* v. *Sargent,* 112 Ind. 484, the mortgage contained a stipulation to the effect that if the mortgagor failed to pay either of a series of notes at maturity, the undue debt should at once become due and payable. In a complaint filed May 11, 1885, to foreclose the mortgage, it was alleged that the first note falling due June 1, 1884, had been paid, but that payment had not been made until June 4, 1884, three days after maturity, and that in consequence of such failure to pay at maturity, the second note had become due under the stipulation of the contract. This insistence was sustained by the court, and the decision therein seems to be decisive of the case at bar.

Appellee has filed no brief. No ground upon which the case cited can be distinguished suggests itself.

Judgment reversed, and cause remanded, with instructions to overrule the demurrer to the answer, and for further proceedings not inconsistent herewith.

## On Petition for Rehearing.

Roby, C. J.—Appellee files a petition for a rehearing. While she technically has no standing, the cause has been reëxamined in the light of the argument made by counsel, of whom it is fair to say that he does not seem to have been

connected with the proceedings prior to the presentation of the petition.

The language of §3853 Burns 1901, set out in the opinion is plain. Had the suit been brought after default and before, the payment subsequently made, there could be no doubt but that the lien should have been foreclosed for the full amount of the assessment. If appellant did not have the right to treat the entire assessment as due when this action was instituted, it was because of the payment before suit brought of the instalment permitted to become delinquent. This payment is shown to have been made to and accepted by the treasurer of the city of Indianapolis.

In *Moore* v. *Sargent,* 112 Ind. 484, the overdue instalment of debt was paid directly to the mortgagee. The length of time between maturity of the first instalment in that case, and its actual payment was three days. In this case, two months had elapsed before payment was made. The doctrine announced in that case does not need to be extended in order to control the case at bar. Appellee seeks to find in other provisions of the statute a reason for a different construction. One of these is as follows: "Persons signing and filing the agreement within the time limited, and entitled to pay in instalments, may nevertheless at any time after the expiration of the first year, pay up their entire assessment and stop the interest thereon, and be relieved of the lien of the same, on condition that they at the same time pay up all accrued interest, and also interest up to the time the next instalment of interest is payable: Provided, that before such persons shall be entitled to make such prepayment they shall give notice in writing at the treasurer's office of their intention so to do, six months in advance of the time when such payment is made." §3850 Burns 1901.

The argument is, that inasmuch as the statute provides a manner by which lot owners may elect to pay off the entire assessment, it could not have been intended to permit

them to accomplish the same result without notice of intent so to do, and without payment of interest up to the time the next instalment becomes due, by merely defaulting in one payment. It is argued further that such instruction would impair the value of securities, and thereby tend to defeat the purpose of the act. The argument proves too much. It would entirely abrogate a part of §3853, *supra.* It does not depend upon or take into account the payment made after the instalment became delinquent and before suit was begun, which is the element in the case giving to the decision an appearance of severity.

It is impossible to hold that an independent action must be brought for each instalment as it becomes due. It may be added that no question is involved upon the facts as to the power of a lot owner to mature the entire assessment by nonpayment of one instalment to his own advantage. The question is as to the power of a lien holder to foreclose for the full amount of the assessment.

Petition overruled.