## Stoy v. Bledsoe et al.

[No. 4,546. Filed November 19, 1903.]

Appeal.—*Sufficiency of Answer.*—The sufficiency of an answer can not be raised for the first time by an assignment of error in an appellate tribunal. *p. 644.*

Same.—*Joint Assignments of Error.—Answers.*—A joint assignment of error challenging the sufficiency of two paragraphs of answer is not available if either paragraph is good. *p. 645.*

Chattel Mortgages.—*Failure of Consideration.—Foreclosure by Assignee.*—A mortgage on a span of mules was executed to secure two notes for the purchase money thereof. Before the notes became due the mules were taken from the purchaser under a prior mortgage the existence of which the purchaser had no knowledge at the time he executed his notes and mortgage. *Held,* that the consideration for the last notes and mortgage had wholly failed and that a holder thereof who took an assignment with knowledge of the facts could not recover thereon. *pp. 645–647.*

Same.—*Assignee Takes Notice of Terms.*—Where, by the terms of a mortgage executed to secure the payment of two notes, both notes become due and collectible upon default in the payment of one of them, an assignee who takes the assignment after such default is chargeable with knowledge that both notes were past due at the time. *pp. 647, 648.*

From Martin Circuit Court; *H. Q. Houghton,* Judge.

Suit by William L. Stoy against Anthony Bledsoe and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. B. Marshall* and *A. L. Carrico,* for appellant.
*Hiram McCormick* and *F. E. Gilkison,* for appellees.

Wiley, J.—November 28, 1900, appellee Anthony Bledsoe executed to one Hughs two notes for $100, each payable at a bank within this State, one of which notes was due August 28, 1901, and the other one year from date. To secure their payment Bledsoe executed a mortgage on certain real estate, in which his wife, his co-appellee, joined. The mortgage was duly recorded. December 6, 1900, Hughs assigned the notes and mortgage to Houghton and

Moser, who, on September 2, 1901, assigned the same to said Hughs, who on September 11, following, assigned said notes and mortgage to appellant without recourse. The several assignments of mortgage were duly acknowledged and recorded. Appellee Anthony Bledsoe at the same time executed a chattel mortgage to said Hughs upon a span of mules, wagon, etc., which he had purchased of Hughs, to secure the payment of the notes sued on, and this mortgage was also assigned to Houghton and Moser. Appellant, as assignee, sued on the notes and to foreclose the mortgage covering the real estate. The cause was put at issue by answer and reply. Trial by the court, and upon proper request the court made a special finding of facts, and stated its conclusions of law thereon. The conclusions of law were to the effect that appellant was not entitled to recover, etc.

There are five specifications in appellant's assignment of errors, viz.: (1) That the court erred in overruling the demurrer to the second and third paragraphs of answer; (2) the court erred in its conclusions of law; (3) the court erred in overruling appellant's objection to the admission of certain evidence; (4) that appellee's answer, nor either paragraph, does not state facts sufficient to constitute a defense, etc.; and (5) the court erred in overruling appellant's motion for a new trial.

The third and fourth specifications do not present any question for review. The only way the question attempted to be raised by the third was to assign it as a reason for a new trial. As to the fourth, it has many times been ruled that the sufficiency of an answer can not be raised for the first time in an appellate tribunal by an assignment of error. *Elwood, etc., Co.* v. *Harting,* 21 Ind. App. 408; *Austin* v. *McMains,* 14 Ind. App. 514; *Stephens* v. *Smith,* 27 Ind. App. 507; *City of Evansville* v. *Martin,* 103 Ind. 206; *State, ex rel.,* v. *Curry,* 134 Ind. 133.

The first specification challenges the sufficiency of the second and third paragraphs of answer jointly. It follows that if either of them is sufficient to withstand a demurrer the assignment is not available, even though the other might be bad. *American Tin-Plate Co.* v. *Guy,* 25 Ind. App. 588; *Kahn* v. *Gavit,* 23 Ind. App. 274; *Colles* v. *Lake Cities Electric R. Co.,* 22 Ind. App. 86; *Town of Thorntown* v. *Fugate,* 21 Ind. App. 537; *Boots* v. *Ristine,* 146 Ind. 75; *City of South Bend* v. *Turner,* 156 Ind. 418, 83 Am. St. 200.

We shall first consider the second paragraph of answer. This paragraph attempts to set up facts showing that the consideration for which the notes in suit were given had wholly failed before they were assigned to appellant, and that he took them with knowledge of that fact. It is averred that the notes were given for a span of mules and other personal property purchased of Hughs by appellant Anthony, and that the mortgage was given to secure their payment; that at the time of said sale and the execution of the notes, appellant's assignor did not have a legal title to said property, in that there was an unpaid mortgage upon said property in favor of Houghton and Moser for $250, and that appellees had no knowledge thereof; that at the time said notes were executed appellees also executed a chattel mortgage on the property purchased of said Hughs as an additional security; that immediately after appellees got possession of said property it was levied upon by the sheriff of Martin county, by virtue of an execution issued from the Martin Circuit Court in favor of one Baker against said Hughs; that immediately thereafter they called upon appellant's assignor to secure said property for them, and were informed by said Hughs that said property belonged to Houghton and Moser by virtue of a mortgage executed to them by said Hughs prior to the sale of the property to appellee Anthony, and told said Anthony to give himself no further trouble concerning said prop-

erty; that said Houghton and Moser would take the property under their mortgage. It is further alleged that immediately thereafter, said Houghton and Moser filed a suit in the Martin Circuit Court to recover possession of said property, and claimed in the trial of the cause that they held the notes and mortgage of appellees upon which this suit was brought, and the chattel mortgage covering said property executed by said Anthony, as collateral security for the payment of their debt against Hughs, secured by a chattel mortgage on the property, given by said Hughs, which mortgage was unpaid and unsatisfied, and obtained possession of said property before said Hughs sold it to appellee Anthony; that said court upon trial awarded said property to Houghton and Moser, and thereupon appellee Anthony immediately demanded of Houghton and Moser a return to him thereof, which they refused; that when said property was taken from appellee, and when said cause was tried in the Martin Circuit Court, none of the notes sued on were due, and that the notes and mortgage sued on were due before they were assigned to appellant.

The facts stated in this paragraph of answer are sufficient to bar a recovery. The answer avers facts showing that the consideration for the notes and mortgage had wholly failed, and that the appellant knew thereof when he took an assignment of them. The property was taken from him upon an execution against his vendor, and he appealed to him to protect him, and restore to him his property. He received an assurance that this would be done. The property was finally taken possession of by the persons to whom Hughs assigned the notes and the chattel mortgage, and was sold by virtue of the mortgage to pay a debt for which the original mortgagee, was liable, and sold before any of the notes secured by the mortgage became due. The loss of the property was without any fault on the part of the appellee, and he had a right to look to Hughs and Houghton and Moser to protect his interest.

Again, the mortgage sued on shows that the notes secured by it were due when they were assigned to appellant. The notes sued on were dated November 28, 1900, and were due in nine and twelve months from date. They were assigned to appellant September 11, 1901. The nine-months note matured August 28, 1901, and on its face was past due at the date of the assignment, and was wholly unpaid. The mortgage contained a clause to the effect that a failure to pay any one of said notes at maturity then all of them were to be due and collectible. Appellant took an assignment of the notes and mortgage chargeable with a knowledge of that provision of the mortgage, and he was bound to know that by the terms of the mortgage both of the notes were past due. *Marion Bond Co.* v. *Blakely,* 30 Ind. App. 374; *Indiana Bond Co.* v. *Bruce,* 13 Ind. App. 550; *Moore* v. *Sargent,* 112 Ind. 484; *Jones* v. *Schulmeyer,* 39 Ind. 119; *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510.

Although the notes are negotiable instruments, appellant can not be regarded as an innocent purchaser without notice, for one of the instruments he purchased by its very terms showed that he was purchasing past due and dishonored paper, and, by the terms of the mortgage, both were past due; and appellee has the same defense as though the action was being prosecuted in the name of the original payee and mortgagee. *Green* v. *Louthain,* 49 Ind. 139; Norton, Bills and Notes, §§199, 200; 1 Ames, Cases on Bills and Notes, 743.

The demurrer to the second paragraph of answer was properly overruled. Under the authorities above cited appellant is not entitled, under his assignment of error, to have considered the objections he urges to the sufficiency of the third paragraph of answer.

This leaves for consideration the conclusions of law, and the overruling of the motion for a new trial. The facts specially found by the court are in substantial harmony

with those pleaded in the second paragraph of answer, except it is found that appellant, when he took an assignment of the notes and mortgage, did not know what the consideration was for the execution of the notes. The court also found that said notes and mortgage were assigned September 11, 1901, and that by the terms of the mortgage both notes were due. The court's conclusions of law were that appellant was not entitled to recover, and that appellees should have judgment for costs. Under the facts found, and the authorities above cited, the court correctly applied the law in the conclusions stated.

Appellant has waived his right to have considered his fifth specification of the assignment of error by failing to discuss it.

The case was decided on its merits, and the rights of the parties were equitably and correctly determined. Judgment affirmed.