## ROWE v. SCOTT et al.

An indorsee of negotiable notes, in due course, is entitled to recover the amount due on the notes when judgment in an action thereon is rendered.

Under Civ. Code, §§ 2305, 2306, fixing the detriment caused by a breach of warranty, the amount of recovery by an owner, not an indorsee in due course, of notes given for goods purchased on a warranty depends on the amount of the maker's damage for breach of such warranty.

When payment on a note executed February 10, 1906, and payable in 15 months, was extended to December 10, 1907, a conclusion that a purchaser of the note, on May 1, 1908, took before maturity, and not subject to the maker's defense, is error.

Under Civ. Code, § 2199, which declares that an "indorsee in due course" is one who, in good faith, in the ordinary course of business and for value, before its apparent maturity, and without knowledge of dishonor, acquires a negotiable instrument duly indorsed to him, or indorsed generally, or payable to the bearer, a purchaser of two overdue notes containing a clause showing that they were secured by a chattel mortgage to the payee, of even date, who, at the same time, takes an assignment of such mortgage, showing that

seven other notes were given as a part of the same transaction, and which provides that if default should be made in payment of the notes, or any part thereof, when due, the whole amount secured by the mortgage should become due and payable, acquires none of them before maturity, but is affected with notice as to defenses against all the notes, though on their face some of them are not then due.

After notes are past due under the terms of a chattle mortgage by which they are secured, an agreement between the indorser and the maker for an extension of the time of payment does not operate as an extension of the time of maturity in favor of an indorsee with notice of the provisions of the mortgage.

(Opinion filed, October 3, 1911.)

Appeal From Circuit Court, Minnehaha County; Hon. J. W. Jones, Judge.

Action by James Rowe against Mark D. Scott, impleaded with others, defended by Scott alone. Judgment for plaintiff, and defendant Scott appeals. Reversed.

*Grigsby & Grigsby,* for appellant.

Respondent, knowing that the notes were part of a series and that the payment of part of the notes had been refused, and knowing that two of them were many months past due, and also knowing of facts which were sufficient to justify the conclusion that all of the notes were given for a single consideration was not an endorsee in due course as to any of the notes. Bank of Fort Wayne v. Marcy, 79 Ark. 147; 9 Am. & Eng. 339; Story v. Bledsoe, 68 N. E. 907; Harrington v. Claflin, 42 S. W. 1055; Lybrand v. Fuller, 69 S. W. 1005; Harrell v. Broxton, 3 S. E. 5.

*Davis, Lyon & Gates,* for respondent.

HANEY, J. This is an action to foreclose a chattel mortgage given to secure the payment of nine promissory notes, payable to the American Type Founders' Company, of which the plaintiff claims to be an indorsee in due course. The complaint is in the usual form. Defendants Eva K. Scott and Hibbard Patterson do not appear to have answered. Defendant Mark D. Scott's answer contains 11 paragraphs, numbered consecutively. He apparently attempted to plead two separate defenses and one counterclaim, but neither division of the answer is complete in itself. No objection having been made to its form, the answer,

taken as a whole, should be construed as denying the plaintiff's ownership of the notes, and as alleging that they were given to evidence the agreed price of a printing press purchased by the answering defendant of the payee, under an express warranty as to its fitness for the purpose for which it was purchased; that the press did not comply with the terms of the warranty; that it was of no value for the purpose for which it was purchased; and that defendant suffered loss by reason of his afforts to use it for that purpose. Though the trial court failed to find whether or not the press was purchased under the alleged waranty, it found that the press did not comply with the terms of such warranty; that its actual value was $500; that the allegations of the answer, relating to defendant's expense and loss resulting from his efforts to use it, were not proved; that the plaintiff was the owner of all the notes; that he purchased all of them in due course of business, in good faith, and for value, on May 1, 1908; that the four maturing first were not purchased before maturity; that the five maturing last were purchased before maturity; and concluded that the plaintiff was entitled to judgment for $1,022, the amount due on the five last mentioned, together with costs and disbursements, and a decree foreclosing the mortgage. Judgment having been accordingly entered, and defendant's application for a new trial denied, this appeal was taken.

[1, 2] If the plaintiff was an indorsee in due course, he was entitled to recover the amount due on the notes when the judgment was rendered. If he was not such an indorsee, being the owner of the notes, the amount of his recovery, if any, depended on the amount, if any, of defendant's damages for breach of the warranty, which, according to the findings of the trial court, was at least $700, the difference between the agreed price of the press ($1,200) and its actual value ($500). Rev. Civ. Code, §§ 2305, 2306; Bank v. Feeney, 12 S. D. 156, 880 N. W. 186, 46 L. R. A. 732, 76 Am. St. Rep. 594; Shepard v. Hanson, 10 N. D. 194, 86 N. W. 704. The amount due on all the notes when the judgment was rendered was $1,497. Deducting $700, to say nothing of interest thereon and the damages resulting from de-

fendant's efforts to use the press, would leave only $797, as the amount to which the plaintiff was entitled, if he was not an in-dorsee in due course.

The notes, which bear date February 10, 1906, are thus described in the decision of the trial court: (1) One note due 3 months after date for $150. (2) One note due 4 months after date for $40. (3) One note due 6 months after date for $150. (4) One note due 7 months after date for $40. (5) One note due 15 months after date for $150. (6) One note due 18 months after date for $150. (7) One note due 21 months after date for $150. (8) One note due 24 months after date for $150. (9) One note due 27 months after date for $216.20." It finds: "That on the 22d day of December, 1906, the time of payment of each and all of said promissory notes was by mutual agreement by and between the defendant, Mark D. Scott, and the said American Type Founders' Company, and for a good and valuable considera-tion, by written entry upon the face of each of said notes, extended as follows: (1) The time of the payment of the note which fell due May 10, 1906, for $150, was extended to October 10, 1909. (2) The time of the payment of the note which fell due June 10, 1906, for $40, was extended to January 10, 1909. (3) The time of the payment of the note which fell due August 10, 1906, for $150, was extended to September 10, 1907. (4) The time of the payment of the note which fell due September 10, 1906, for $40, was extended to April 10, 1909. (5) The time of the payment of the note which fell due May 10, 1907, for $150, was extended to December 10, 1907. (6) The time of the payment of the note which fell due August 10, 1907, for $150, was extended to May 10, 1908. (7) The time of the payment of the note which fell due November 10, 1907, for $150, was ex-tended to Jauary 10, 1909. (8) The time of the payment of the note which fell due February 10, 1908, for $150, was extended to July 10, 1909. (9) The time of the payment of the note which fell due May 10, 1908, for $216.20, was extended to November 10, 1908."

[3] The trial court certainly erred in deciding that note No. 5 was not subject to appellant's defense. According to its find-

ings, this note was payable, by the terms of the extension agreement, several months before it was acquired by the plaintiff. The contention that this error is not available, because not specified as a particular wherein the evidence is insufficient to justify the decision, is untenable. It has no relation to the sufficiency of the evidence. It is in the conclusions of the court based on its findings of fact, and is presented by the assignments of error relating to such conclusions.

[4] And the court erred in concluding that the plaintiff was an indorsee in due course as to any of the notes. "An indorsee in due course is one who in good faith, in the ordinary course of business, and for value, before its apparent maturity or presumptive dishonor, and without knowledge of its actual dishonor, acquires a negotiable instrument duly indorsed to him, or indorsed generally, or payable to the bearer." Rev. Civ. Code, § 2199. It did not find that either one was acquired "without knowledge of its actual dishonor." Nor could it have done so. Each note contained this clause: "This note is secured by chattel mortgage to American Type Founders' Company, of even date herewith on personal property in Sioux Falls, state of So. Dak." Though the authorities are not unanimous, we think the better-reasoned cases hold that a purchaser who takes a note which is not yet due with other notes overdue, all given as part of the same transaction, will be affected with notice as to the former. Harrell v. Broxton, 78 Ga. 129, S. E. 5; Harrington v. Claffin, 91 Tex. 294, 42 S. W. 1055; Bank v. Marcy, 79 Ark. 149, 95 S. W. 145, 9 Am. & Eng. Ann. Cas. 339. The notes and mortgage, received by the plaintiff at the same time, disclosed that they were all parts of the same transaction.

[5] Moreover, all the notes were past due when the agreement to extend was made, and past due, notwithstanding such agreement, when they were acquired by the plaintiff, by reason of the provision of the mortgage. It is alleged in the complaint and admitted by the answer that the mortgage, which was assigned to the plaintiff when he acquired the notes, provided that, if default be made in the payment of said sums of money, or

any part thereof, at the time said notes became due, the whole sum of money secured by said mortgage should become due and payable. Clearly this provision was not abrogated by the agreement to extend the time of payment of each note. Two of the notes had not been paid according to the terms of the extension agreement when the whole series was acquired by the plaintiff. So none of them were acquired before maturity, and all were subject to the alleged defense. Stoy v. Bledsoe, 31 Ind. App. 643, 68 N. E. 907. This is the language of the Indiana court: "Again, the mortgage sued on shows that the notes secured by it were due when they were assigned to appellant. The notes sued on were dated November 28, 1900, and were due in nine and twelve months from date. They were assigned to appellant September 11, 1901. The nine-month note matured August 28, 1901, and on its face was past due at the date of the assignment, and was wholly unpaid. The mortgage contained a clause to the effect that a failure to pay any one of said notes at maturity then all of them were to be due and collectible. . Appellant took an assignment of the notes and mortgage chargeable with a knowledge of that provision of the mortgage, and he was bound to know that by the terms of the mortgage both of the notes were past due. Marion Bond Co. v. Blakely, 30 Ind. App. 374, 65 N. E. 291, 66 N. E. 71; Indiana Bond Co. v. Bruce, 13 Ind. App. 550, 41 N. E. 958; Moore v. Sargent, 112 Ind. 484, 14 N. E. 466; Jones v. Schulmeyer, 39 Ind. 119; Buchanan v. Berkshire Life Ins. Co., 96 Ind. 510. Although the notes are negotiable instruments, appellant cannot be regarded as an innocent purchaser without notice, for one of the instruments he purchased by its very terms showed that he was purchasing past-due and dishonored paper, and, by the terms of the mortgage, both were past due; and appellee has the same defense as though the action was being prosecuted in the name of the original payee and mortgagee. Green v. Louthain, 49 Ind. 139; Norton, Bills and Notes, §§ 199, 200; 1 Ames, Cases on Bills and Notes, 743." Stoy v. Bledsoe, supra.

The amount of defendant's damages not having been ascertained, a retrial is necessary to determine what judgment should be rendered. So the judgment and order appealed from are reversed.